# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STACY PHILLIPS, LAWRENCE WILLIS, ELI NEGRON III, CHRISTIAN PAPANA, JASON VAN GENDEREN, MARK HOLLINGSWORTH and JEFFREY G. HEINTZ, SR., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 23-00251 MN |
| v. | ) ) | |
| FCA US LLC, and STELLANTIS, N.V., | ) ) | |
| Defendants. | ) | |

## DEFENDANT FCA US LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Dated: June 19, 2023

Respectfully submitted,

CLARK HILL PLC
Margaret M. DiBianca, Esq. (No. 4539)
824 N. Market Street, Ste. 710
Wilmington, DE  19801
Telephone:  (302) 250-4748
Email:  mdibianca@clarkhill.com
*Attorneys for Defendant FCA US LLC*

~*of counsel*~
CLARK HILL PLC
**John E. Berg, Esq.**, *admitted pro hac vice*
(Detroit office)
(313) 965-8417
Jberg@clarkhill.com
**David T. Graham, Esq.**, *admitted pro hac vice*
(Chicago office)
(312) 985-5945
dgraham@clarkhill.com
**Jonathan Roffe, Esq.**, *admitted pro hac vice*
(Birmingham office)
(248) 530-9137
jroff@clarkhill.com
**Magy Shenouda, Esq.**, *admitted pro hac vice*
(Birmingham office)
(248) 530-5889
mshenouda@clarkhill.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES _____ ii

I.   INTRODUCTION _____ 1

II.  BACKGROUND FACTS _____ 2

     a.   The 2021 Dodge Durango SRT Hellcat _____ 2

     b.   FCA's Statements Regarding the Vehicle _____ 2

     c.   The Vehicle's Warranty _____ 3

     d.   Plaintiffs' Purchases of their Vehicles _____ 4

III. STANDARD OF REVIEW _____ 4

IV.  ARGUMENT_____ 5

     a.   Plaintiffs Fail to Properly Plead Consumer Fraud Claims (Counts I-IX) _____ 5

     b.   Plaintiffs do not Properly Plead a Negligent Misrepresentation Claim (Count XII) __ 14

     c.   Plaintiffs' Breach of Express Warranty Claims are Precluded by the Terms of FCA's
          Written Warranty _____ 15

     d.   Plaintiffs' Unjust Enrichment Claim (Count XI) is Not Properly Pled _____ 16

     e.   Plaintiffs' Class Claims Must be Dismissed under Rule 12(f)_____ 18

V.   CONCLUSION _____ 20

## TABLE OF AUTHORITIES

CASES

*Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*,
   910 F. Supp. 2d 543 (S.D.N.Y. 2012) ........................................................................ 14

*Adams v. Nissan North America, Inc.*,
   395 F. Supp. 3d 838 (S.D. Tex. 2018) ................................................................... 16, 18

*Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*,
   No. 07-4925 (JAP), 2008 WL 4056244 (D. N.J. Aug. 26, 2008) ........................... 19

*Alban v. BMW of N Am., LLC*,
   No. 09-5398, 2010 WL 3636253 (D.N.J. Sep. 8, 2010) ........................................... 12

*Aon plc v. Infinite Equity, Inc.*,
   No. 19-cv-07504, 2021 WL 4034068 (N.D. Ill.  Sep. 3, 2021) ............................... 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 9

*Baker v. Elam*,
   883 F. Supp. 2d 576 (2012) ....................................................................................... 15

*Baraka v. McGreevy*,
   480 F.3d 187 (3d Cir. 2007) ........................................................................................ 5

*Bayview Hunters Point Cmty. Advocates v. Metro Transp. Comm'n.*,
   366 F.3d 692 (9th Cir. 2004) ....................................................................................... 6

*Berry v. Indianapolis Life Ins. Co.*,
   608 F. Supp. 2d 785 (N.D. Tex. 2009) ........................................................................ 8

*Boddison v. Gen. Motors LLC*,
   No. 8:20-cv-2139-WFJ-AEP, 2021 WL 2435388 (M.D. Fla. Mar. 19, 2021) ......... 16

*Bosland v. Warnock Dodge, Inc.*,
   197 N.J. 543 (2009) ..................................................................................................... 9

*Chiarelli v. Nissan NA, Inc.*,
   No. 14-cv-4327 2015 WL 5686507 (E.D.N.Y. Sep. 25, 2015) ................................... 8

*Cisco Systems, Inc. v. STMicroelectronics, Inc.*,
  77 F. Supp. 3d 887 (N.D. Cal. 2014). ..................................................................... 14

*City First Mortg. Corp v. Barton*,
  988 S.o2d 82 (Fla. Dist. Ct. App. 2008)..................................................................... 9

*Cohen v. DIRECTV, Inc.*,
  178 Cal. App. 4th 966 (2009)..................................................................................... 10

*Colgate v. JUUL Labs, Inc.*,
  402 F. Supp. 3d 728 (N.D. Cal. 2019) ...................................................................... 16

*Cox v. Sears Roebuck & Co.*,
  647 A.2d 454 (1994) ................................................................................................... 12

*Cummings v. FCA US LLC*,
  401 F. Supp. 3d 288 (N.D.N.Y. 2019) ...................................................................... 12

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ................................................................................................... 18

*Demaria v. Nissan North America, Inc.*,
  No. 15 C3321, 2016 WL 374145 (N.D. Ill. Feb. 1,  2016) ....................................... 12

*Diaz v. FCA US LLC*,
  No. 21-cv-00906-EJW, 2022 WL 4016744 (D. Del. Sept. 2, 2022).......................... 8

*Duncan Place Owners Assoc v. Danze, Inc.*,
  927 F.3d 970 (7th Cir. 2019)...................................................................................... 16

*Durkee v. Ford Motor Co.*,
  No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sep. 2, 2014) ........................... 10

*F.D.I.C. v. Floridian Title Group, Inc.*,
  972 F. Supp. 2d 1289 (S.D. Fl. 2013) ....................................................................... 14

*Flecha v. Medicredit, Inc*,
  946 F.3d 762 (5th Cir. 2020)...................................................................................... 19

*Flowers v. ERA Unique Real Estate, Inc.*,
  227 F. Supp. 2d 998 (N.D. Ill. 2002) ........................................................................ 14

*Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac LLC*,
  945 F. Supp. 2d 543 (D. NJ 2013) ............................................................................ 9

*Fravel v. Ford Motor Co.*,
  973 F. Supp. 2d 651 (W.D. Va. 2013) ....................................................................... 8

*Friest v. Luxottica Grp. S.P.A.*,
  No. 2:16-cv-03327, 2016 WL 7668453  (D. N.J. Dec. 16, 2016) ........................... 11

*Gale v Int'l Bus Machs Corp.*,
  9 A.D.3d 446 (N.Y. 2d Dep't 2004) .................................................................. 10, 11

*Glaser v. Enzo Biochem, Inc.*,
  126 Fed. Appx. 593 (4th Cir. 2005) ......................................................................... 6

*Goldemberg v. Johnson & Johnson Consumer Co.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................................ 10

*Gordon v. Sig Sauer, Inc.*,
  No. H-19-585, 2019 WL 4572799 (S.D. Tex. Sep. 20, 2019) ................................ 10

*Gotthelf v. Toyota Motor Sales, USA, Inc.*,
  525 Fed. Appx. 94 (3d Cir. 2013) ........................................................................... 12

*Greco v. Jones*,
  38 F.Supp.3d 790 (N.D. Tex. 2014) ........................................................................ 14

*Hamilton v. Boddie–Noell Enter, Inc.*,
  88 F.Supp.3d 588 (W.D. Va. 2015) .................................................................. 10, 12

*Harrison v. Westinghouse Savannah River Co.*,
  176 F.3d 776 (4th Cir. 1999) ................................................................................... 14

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) .................................................................................... 2

*In re Clorox Consumer Litig.*,
  No. 12-00280 SC, 2013 WL 3967334 (N.D. Cal. 2013) ........................................ 17

*In re Currency Conversion Fee Antitrust Litig.*,
  230 F.R.D. 303 (S.D.N.Y. 2004) ............................................................................. 10

*In re Donald Trump Casino Sec. Litig.*,
   7 F.3d 357 (3d Cir. 1993)........................................................................... 2

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*,
   846 F.3d 625 (3d Cir. 2017)................................................................. 18, 19

*In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Lit.*,
   No. 2895, 2022 WL736250 (D. Del. Mar. 11, 2022)............................. 18, 19

*In re Sony Gaming Networks & Customer Data Sec Breach Litig,.*
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................................ 11

*Intercept Pharm, Inc. v. Apotex Inc.*,
   No. 20-1105-MN, 2022 WL 3996355 (D. Del. Sept. 1, 2022) .................... 8

*Johnson v. Organo Gold Int'l, Inc.*,
   No. 15-390-LPS, 2016 WL2771124 (D. Del. May 13, 2016)................. 19, 20

*Kahn v. FCA US LLC*,
   No. 2:19-cv-00127-SVW-SS, 2019 WL 3955386 (C.D. Cal Aug. 2,. 2019)......................... 17

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975)..................................................................... 20

*Lewis v. Casey*,
   518 U.S. 343 (1996) ................................................................................. 18

*Lujan v Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................. 13

*MacNaughton v. Young Living Essential Oils, LC*,
   67 F.4th 89 (2d Cir. 2023).......................................................................... 16

*Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP (JCx),
   2017 WL 6940534 (C.D. Cal. Dec. 14, 2017) ............................................ 18

*MAN Roland, Inc. v. Quantum Color Corp.*,
   57 F. Supp. 2d 568 (N.D. Ill. 1999) ........................................................... 16

*Mandani v. Volkswagen Grp. of Am. Inc.*,
   No. 17-cv-07287-HSG, 2019 WL 652867 (N.D. Cal. Feb. 15, 2019)......................... 12

*Maugain v. FCA US LLC*,
　No. 22-116-GBW, 2023 WL 1796113 (D. Del. Feb. 7, 2023 ............................................. 12, 13

*McKesson HBOC, Inc. v. NY State Common Retirement Fund, Inc.*,
　339 F.3d 1087 (9th Cir. 2003) ........................................................................................... 17

*Moore v. Apple, Inc.*,
　73 F. Supp. 3d 1191 (ND Cal. 2014) ............................................................................... 9, 10

*Neale v. Volvo Cars of North America, LLC*,
　794 F.3d 353 (3d Cir. 2015) ............................................................................................ 18, 19

*Nealy v. US Surgical Corp*,
　587 F. Supp. 2d 579 (S.D.N.Y. 2008) ................................................................................. 9

*O'Brien v. Landers*,
　No. 1:10-cv-02765, 2011 WL 221865 (N.D. Ill. Jan. 24, 2011) ......................................... 8

*Omni USA, Inc. v. Parker-Hannifin Corp*,
　798 F. Supp. 2d 831 (S.D. Tex. 2011) ............................................................................... 10

*Omnipol, AS v. Multinational Defense Servs., LLC*,
　32 F.4th 1298 (11th Cir. 2022) .......................................................................................... 16

*Pacholec v. Home Depot USA, Inc.*,
　No. 06 CV 827 PGS, 2006 WL 2792788 (D. N.J. Sept. 26, 2006) ..................................... 8

*Partin v. NuWave, LLC*,
　603 F. Supp. 3d 280 (E.D. Va. 2022) ................................................................................ 16

*Presidio Enterprises, Inc. v. Warner Bros. Distributing Corp.*,
　784 F.2d 674 (5th Cir. 1986) ............................................................................................. 6

*Robinson v. Unilever United States, Inc.*,
　No. 17-3010-DMG, 2019 WL 2067941 (C.D. Cal. Mar. 25, 2019) .................................... 8

*Rodriguez v. Ford Motor Co.*,
　596 F. Supp. 3d 1050 (N.D. Ill. 2022) ............................................................................... 9

*Rodriguez v. It's Just Lunch, Int'l.*,
　No. 07 Civ. 9227, 2010 WL 685009 (S.D.N.Y. Feb. 23, 2010) ......................................... 11

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................. 20

*Lieberson v. Johnson & Johnson Consumer Co.*,
    865 F. Supp. 2d 529 (D. N.J. 2011) ..................................................................................... 11

*Sobel v. Eggleston*,
    No. 12 Civ. 2551, 2013 WL1344712 (S.D.N.Y. Mar. 28, 2013) ............................................. 7

*South Broward Hosp. Dist. V. MedQuist Inc.*,
    516 F. Supp. 2d 370 (D. N.J. 2007) ..................................................................................... 14

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ......................................................................................................... 4

*Stires v. Carnival Corp.*,
    243 F.Supp.2d 1313 (M.D. Fla. 2002) ................................................................................... 8

*Sullivan v. DB Investments, Inc.*,
    667 F.3d 273 (3d Cir. 2011) ................................................................................................ 17

*Tate v. Colony House Builders, Inc.*,
    257 Va. 78 (1999) ................................................................................................................. 6

*Thom v. Jefferson-Pilot Life Ins. Co.*,
    445 F.3d 311 (4th Cir. 2006) ............................................................................................... 20

*Thorne v. Pep Boys Manny Moe & Jack, Inc.*,
    980 F.3d 879 (3d Cir. 2020) ........................................................................................... 13, 14

*Toca v. Tutco, LLC*,
    430 F. Supp. 3d 1313 (S.D. Fla. 2020) ................................................................................. 17

*Tomasino v. Estee Lauder Cos., Inc.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ...................................................................................... 8

*Town & Country Linen Corp v. Ingenious Designs LLC*,
    No. 18-cv-5075, 2021 WL 3727801 (S.D.N.Y. Aug. 23, 2021) .............................................. 17

*Van Zeeland v. Rand McNally*,
    532 F. Supp. 3d 557 (N.D. Ill. 2021) ................................................................................... 17

*Wilding v. DNC Servs. Corp.*,
  941 F.3d 1116 (11th Cir. 2019) .................................................................. 15

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ..................................................................... 2

*Zieger v. Advance Am.*,
  No. 13-1614-GMS, 2014 WL 7388365 (D. Del. Dec. 29, 2014) ................... 19

STATUTES

815 I.L.C.S. 505/1, *et seq* .......................................................... 5, 9, 12

Cal. Bus. & Prof. Code § 17200, *et seq*. ................................ 5, 9, 10

Cal. Civ. Code §1750, *et seq* ............................................... 5, 10

Fl. Stat §§501.201, *et seq* ........................................ 5, 9, 10, 18

N.J. Stat. Ann. § 56:8-2 ................................................. 5, 9, 11, 12

N.Y. Gen. Bus. Law § 349 ............................................ 5, 8, 9

N.Y. Gen. Bus. Law §350 ............................................. 5, 8, 9

Tex. Bus. & Com. Code, §§14.41, *et seq*. ................... 5, 6, 10, 12, 17

Va. Code Ann. §§59.1-196, *et seq*. ................................ 5, 10, 12

RULES

Fed. R. Civ. P. 12(b)(1) ............................................... 2, 4

Fed. R. Civ. P. 12(b)(6) ............................................... 1, 4, 5

Fed. R. Civ. P. 12(f) ................................................. 2, 18, 19

Fed. R. Civ. P. 23(a)(3) ............................................. 19

Fed. R. Civ. P. 23(b)(3) ............................................ 2, 20

Fed. R. Civ. P. 9(b) .............................................. passim

## I.       INTRODUCTION

Plaintiffs each purchased a 2021 Dodge Durango SRT Hellcat from an authorized dealer of defendant FCA US LLC ("FCA")[1]. None of the Plaintiffs claim that their 2021 SRT Hellcats failed to perform as advertised or were defective in any way. Instead, Plaintiffs claim that they purchased their vehicles as a "*suitable investment*", the implication being that the 2021 SRT Hellcat was to be a "limited edition" vehicle that was *never to be built again. See, e.g.,* Complaint ("Cplt.") ¶ 7 (emphasis added). Plaintiffs do not plead that they attempted to sell their vehicles and that upon resale, their vehicles lost value. Nor do they plead that they stored and limited their use of their vehicles to preserve their "investments".

Plaintiffs' claims should be dismissed for the following reasons:

*First*, Plaintiffs fail to identify any actionable FCA misrepresentation. All alleged misrepresentations concern FCA's future performance and none of Plaintiffs' claims are plead with sufficient particularity, as required under Fed. R. Civ. P. 9(b). Plaintiffs also fail to allege that they heard or read any of FCA's statements that they now claim defrauded them into purchasing the vehicles. Accordingly, Plaintiffs' consumer fraud, negligent misrepresentation and unjust enrichment claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

*Second*, Plaintiffs' breach of express warranty claims must be dismissed pursuant to Rule 12(b)(6) because the terms of FCA's written Warranty that accompanied the sale of each 2021 SRT Hellcat makes *no reference* to the vehicles being limited to a single year production, and indeed, expressly disclaims *any* warranty not contained in FCA's written warranty;

---

[1] Plaintiffs have agreed to voluntarily dismiss Stellantis, N.V. from this suit, without prejudice.

*Third*, Plaintiffs' nationwide claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack Article III standing to bring any claims outside of the states where they reside or purchased their vehicles; and

*Fourth*, Plaintiffs' class claims are subject to dismissal under Rule 12(f) because each class member had unique motivations and intent concerning the purchase of their vehicles that would predominate over any common issue of fact or law under Fed. R. Civ. P. 23(b)(3).

For all these reasons, Plaintiffs' Complaint should be dismissed in its entirety.

## II.      BACKGROUND FACTS

### a.      The 2021 Dodge Durango SRT Hellcat

Plaintiffs allege that they purchased a 2021 Dodge Durango SRT Hellcat ("SRT Hellcat" or "Vehicle") manufactured by FCA. (Cplt. ¶¶ 6, 10, 12, 14, 18). The Vehicle is the first of its kind: a 3-row supercharged hemi-muscle car in the body of a mid-size sport utility vehicle. (Cplt. ¶ 27). The SRT Hellcat is regularly referred to as "the most powerful production SUV in the world" because it has 710 horsepower and can tow more (8,700 lbs.) and runs a quarter mile faster than any other SUV in the world. (Cplt. ¶¶ 27, 31).

### b.      FCA's Statements Regarding the Vehicle

Plaintiffs refer to various statements made by or on behalf of FCA concerning the Vehicle.[2] Plaintiffs allege that in July 2020, Dodge Chief Executive Officer Tim Kuniskis announced the

---

[2]   Plaintiffs expressly reference and quote from various articles that are not attached to their Complaint. A document is incorporated by reference into a complaint if its "integral to and/or [is] explicitly relied upon by the [] complaint," *Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (citations omitted), and "may be considered…" on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also In re Donald Trump Casino Sec. Litig.*, 7 F.3d 357, 369 n.9 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). In accordance with this doctrine, FCA requests that the Court consider in connection with FCA's Motion the contents of each of the articles referenced and/or cited in Plaintiffs' Complaint.

2021 release of the Vehicle in a promotional video and stated that the Vehicle would be "single model year run" that would not be produced in 2022. (Cplt., ¶ 27). At no point in this announcement did Kuniskis state that the Vehicle would never be built again. *Id*. Further, Plaintiffs quote Kuniskis from an article[3] that also provides: "[T]he Durango Hellcat is **not limited**, **not serialized** like what we do with [Dodge Demon]" and that the 2021 model year ("MY") run of the Vehicle did "**not** imply the end of the product lifecycle".[4]  The article explained that FCA was limited in its production capabilities for the Vehicle due to evaporative emission requirements set to take effect in 2022 (which precluded FCA from producing a 2022 MY edition of the SRT Hellcat) and uncertainty that existed surrounding COVID-19 and consumer demand. *Id*. In the coming months, FCA produced approximately 3,000 SRT Hellcats and did not produce a MY 2022 SRT Hellcat. (Cplt. ¶¶ 33-35). In the years following FCA's July 2020 announcement, FCA's engineers were able to improve the Vehicle's engine fuel system to meet the new evaporative emissions requirements, as mentioned in the article that Plaintiffs cite. (See Cplt. ¶ 39).[5] Subsequently, FCA announced the production of the MY 2023 SRT Hellcat. *Id*.

   c.     **The Vehicle's Warranty**

   When purchased, the Vehicles were delivered with a copy of the Owner's Manual, which on page 338 thereof, provides a QR code and URL for FCA's of Warranty Information (the

---

[3] *See* Cplt. ¶ 28 ("The [July 12, 2020] article quoted Kuniskis from an article in Muscle Cars & Trucks [dated July 10, 2020]…").

[4] *See* **Exhibit A**, Marc Carter, *2021 Dodge Durango SRT Hellcat Production Will Only Last 6 Months*, The Torque Report (July 12, 2020) https://www.thetorquereport.com/2021-dodge-durango-srt-hellcat-production-will-only-last-6-months/ ("Torque Report Article"); **Exhibit B**, Manoli Katakis, *2021 Dodge Durango Hellcat Will Only Be Made for Six Months*, Muscle Cars & Trucks (July 10, 2020, 2:13 pm) https://www.musclecarsandtrucks.com/2021-dodge-durango-hellcat-will-only-be-made-for-six-months/ (emphasis added) ("Muscle Cars and Trucks Article").

[5] *See* **Exhibit C**, Robert Duffer, *Interview: Dodge CEO Tim Kuniskis on the Performance Present and Electric Future*, Motor Authority (Aug. 22, 2022), https://www.motorauthority.com/news/1136899_interview-dodge-ceo-tim-kuniskis-on-the-performance-present-and-electric-future ("Motor Authority Article").

"Warranty") to be obtained from Mopar.com. A true and accurate copy of the Warranty is attached hereto as **Exhibit D**).[6] The Warranty expressly states: "The warranties contained in this booklet are *the only express warranties* that FCA US LLC ("FCA") makes for your vehicle." *Id*. (emphasis added). The Warranty does not include terms that the Vehicle would "never be produced after the 2021 model year". *Id.*

### d.  Plaintiffs' Purchases of their Vehicles

The Plaintiffs in this action purchased their Vehicles from seven different FCA authorized dealerships for different prices (ranging from $89,000 to $114,225) and at different times (from November 2020 through February 2022). (Cplt. ¶¶ 6, 8, 10, 12, 14, 16, 18). Plaintiffs purchased their Vehicles in seven different states: New York, Illinois, Texas, Virginia, New Jersey, California, and Florida. *Id*. Except for one Plaintiff,[7] all Plaintiffs reside in the state where they purchased their Vehicle. Each Plaintiff alleges that they purchased the SRT Hellcat based upon Defendants' representations that it was a "limited edition", "one-year model run only", making it a "suitable investment" and "eventual collector's item".  (Cplt. ¶¶ 3, 7, 9, 11, 13, 15, 17, 19).

## III.  STANDARD OF REVIEW

Under Rule 12(b)(1), a plaintiff must "clearly allege facts demonstrating each element" required to establish he has standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted). This requires a factual showing that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. Rule 12(b)(6) allows a court to grant a motion to dismiss if

---

[6] *See In re Wilmington Tr Sec. Litig*, 852 F. Supp. 2d 477, 488 (D. Del. 2012) (Court held it may consider public records and documents incorporated into the complaint by reference). FCA requests that the Court take judicial notice of the FCA warranty booklet, available as a public record. *See* **Ex. D**, 2021 Dodge Vehicle Warranty (mopar.com).

[7] Plaintiff Mark Hollingsworth resides in Atlanta, Georgia, but purchased his Vehicle from a dealership in Springfield, New Jersey. (Cplt. ¶ 16).

the complaint fails to state a claim upon which relief can be granted. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A Rule 12(b)(6) motion will be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Baraka v. McGreevy*, 480 F.3d 187, 195 (3d Cir. 2007) (internal quotations omitted). A reviewing court must accept all the factual allegations in the complaint to be true, but it is "not compelled to accept 'unsupported conclusions and unwarranted inferences' or 'a legal conclusion couched as a factual allegation.'" *Baraka*, at 195 (internal citations omitted).

## IV.   ARGUMENT

### a.   Plaintiffs Fail to Properly Plead Consumer Fraud Claims (Counts I-IX)

Plaintiffs assert that FCA violated the following state consumer fraud claims: N.Y. General Business Law §§ 349 and 350 (N.Y. G.B.L. §§ 349-350), Illinois Consumer Fraud and Deceptive Trade Practice Act (815 I.L.C.S. 505/1, *et seq*.), Texas Deceptive Trade Practices and Consumer Protection Act (Tex. Bus. & Com. Code, §§14.41, *et seq*.), Virginia Consumer Protection Act (Va. Code Ann. §§59.1-196, *et seq*.), N.J. Consumer Fraud Act (N.J. Stat. Ann. § 56:8-2), California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.), California Consumer Legal Remedies Act (Cal. Civ. Code §1750, *et seq*.) and Florida Deceptive Trade Practices and Consumer Protection Act (Fl. Stat §§501.201, *et seq*.) (collectively, the "Consumer Fraud Claims"). (Cplt. ¶¶ 60-174). Dismissal of each claim is required for multiple, independent reasons.

### i.   Plaintiffs fail to identify any actionable misrepresentations

Plaintiffs' respective fraud claims are based on the same averments of alleged misrepresentation concerning the Vehicle: that it was going to be a "limited edition", single-year model that was never going to be produced again. (Cplt. ¶¶ 62, 75, 88, 103, 122, 131, 146, 157,

172). However, the announcement and the articles cited by Plaintiffs in the Complaint demonstrate that FCA never represented that the Vehicle would not be manufactured in another MY. *supra* n.4. FCA explained prior to the date the Vehicle became available for purchase that (a) the Vehicle was "not limited, not serialized" like other Dodge brand vehicles, (b) FCA's statements did ***not*** imply the end of the Vehicle's product lifecycle, and (c) that FCA was unsure of how many units of the 2021 SRT Hellcats would be produced due to uncertainty surrounding consumer demand, changes to FCA's plant structure and other unknown implications of the COVID-19 pandemic. *supra* n.4. FCA's representatives are further quoted in both the Muscle Cars and Trucks and the Motor Authority articles stating that it was unable to produce a MY 2022 SRT Hellcat because its fuel system was unable to meet new evaporative emission requirements set to begin in 2022. *supra* n.4-5. Subsequently, however, FCA's engineers developed improvements to the Vehicle's fuel system that allowed it to produce a MY 2023 edition of the SRT Hellcat. *supra* n. 5.

### ii. Statements about future expected production do not constitute fraudulent misrepresentations

Plaintiffs' claims also must be dismissed because FCA's comments concerning the Vehicle constitute nothing more than non-actionable statements about expected future performance. Fraud claims cannot survive a motion to dismiss when the underlying claim is based upon predictions about future expected business endeavors or product availability. *Presidio Enterprises, Inc. v. Warner Bros. Distributing Corp.*, 784 F.2d 674, 679-80 (5th Cir. 1986) (court dismissed Texas Deceptive Trade Practices Act claim because defendant's statements about future business were found to be "[a] prediction, or statement about the future, [which] is essentially an expression of opinion."); *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 85 (1999) (same); *Glaser v. Enzo Biochem, Inc.*, 126 Fed. Appx. 593, 600 (4th Cir. 2005) (same); *Bayview Hunters Point Cmty. Advocates v. Metro Transp. Comm'n.*, 366 F.3d 692, 698 (9th Cir. 2004) (same). This is especially

true for "limited-edition" products that are later reproduced as subsequent editions. *See Sobel v. Eggleston*, No. 12 Civ. 2551, 2013 WL1344712, at *4 (S.D.N.Y. Mar. 28, 2013).

In *Sobel*, plaintiff purchased certain photographs, each of which was numbered with a fraction. *Id.* at *1. Plaintiff contended such fraction constituted defendants' express representation that the photographs were limited edition works, which led plaintiff to assume they were unique collector items and in turn caused him to purchase the photographs. *Id.* When defendants later produced reprints of the same photographs for sale, plaintiff sued defendants for fraudulent misrepresentation, alleging that the value of his photographs decreased due to defendants' misrepresenting that the photographs would be "limited edition" products. *Id.* at *4. The court dismissed plaintiff's claim because it deemed the reprints were not identical reproductions, but rather, part of a subsequent edition, and therefore, no misrepresentation ever occurred. *Id.* at *5.

Plaintiffs' argument that FCA's limited production of the Vehicle can be converted to a promise never to produce another SRT Hellcat fails for the same reason courts have repeatedly rejected such fraud claims based on statements of future performance. FCA announced the Vehicle by stating a limited number of 2021 SRT Hellcats were to be manufactured and sold (due to unknown market demand and concerns regarding COVID-19) and that it likely would not produce a 2022 MY edition due to technical issues and regulatory constraints set to begin in 2022. *supra* n. 4. In fact, FCA produced a limited number of 2021 SRT Hellcats (approximately 3,000 total) and did not produce a 2022 MY edition. Ultimately, when FCA's engineers developed solutions to the emissions requirements for the SRT Hellcat's engine, FCA announced the sale the Vehicles for the 2023 model year. Although the current version of the SRT Hellcat is similar to the Vehicles, it is not same product. As a subsequent edition, it is no different than the subsequent edition photographs the court in *Sobel* held were not evidence of a fraud. *Sobel*, 2013 WL1344712 at *4.

### iii.    Plaintiffs' fraud allegations also fail to satisfy Rule 9(b)

As additional grounds for dismissal, Plaintiffs' Consumer Fraud claims must be dismissed because Plaintiffs failed to plead such claims with sufficient particularity to satisfy Rule 9(b). Except for one Plaintiff's New York General Business Law §§ 349 and 350 claims,[8] Rule 9(b) applies to *all* of Plaintiff's fraud-based claims. *See Diaz v. FCA US LLC*, No. 21-cv-00906-EJW, 2022 WL 4016744, at *20-24 (D. Del. Sep. 2, 2022); *Robinson v. Unilever United States, Inc.*, No. 17-3010-DMG, 2019 WL 2067941, *4 (C.D. Cal. Mar. 25, 2019); *Stires v. Carnival Corp.,* 243 F.Supp.2d 1313, 1322 (M.D. Fla. 2002); *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 795-96 (N.D. Tex. 2009); *O'Brien v. Landers*, No. 1:10-cv-02765, 2011 WL 221865, at *4 (N.D. Ill. Jan. 24, 2011); *Pacholec v. Home Depot USA, Inc.*, No. 06 CV 827 PGS, 2006 WL 2792788, at*2 (D. N.J. Sep. 26, 2006). Therefore, Plaintiffs are obligated to provide specificity concerning the "who, what, where, when, how and why" regarding FCA's alleged misrepresentations. *See Intercept Pharm, Inc. v. Apotex Inc.*, No. 20-1105-MN, 2022 WL 3996355, at *1 (D. Del. Sep. 1, 2022) (plaintiff must plead "the specific who, what, when where, and how" of fraud); *Diaz*, at *20-24; *Robinson*, at *4; *Stires*, at 1322; *Fravel*, at 656, *O'Brien*, at *4; *Berry*, at 795-96; *Pacholec*, at *2. Yet the Complaint fails to include *any* factual allegations to meet this standard.

The Complaint fails to allege facts to support whether *any* Plaintiff heard or read the alleged misrepresentations, let alone when, where and how they saw FCA's allegedly misleading statements. Nor do they allege facts to support that they relied on such statements. For example,

---

[8]    Under both N.Y. statutes, however, pleading a viable claim still requires facts identifying the representations at issue, showing how they are "materially misleading," and explaining how they caused the alleged injury. *See Chiarelli v. Nissan NA, Inc.*, No. 14-cv-4327 2015 WL 5686507, *13 (E.D.N.Y. Sep. 25, 2015); *Tomasino v. Estee Lauder Cos., Inc.*, 44 F. Supp. 3d 251, 257-58 (E.D.N.Y. 2014).

Plaintiff Heintz merely states in conclusory fashion that his purchase "was based upon representations by Defendants that this Hellcat vehicle was a limited edition which was produced, and sold for one year only, to wit, 2021." Conclusions, without specific factual averments, must be ignored by the Court in determining whether a complaint satisfies Rule 9(b). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Complaint repeats the same conclusions for every Plaintiff. *See* Cplt. at ¶¶ 70, 79, 92, 108, 126, 139, 153, 165, and 178. While Plaintiffs' Complaint states that FCA represented the SRT Hellcat would be a "limited edition" vehicle *96 times*, it fails to plead facts to support the who and where such statements were actually made, or that they heard or read them when they purchased their Vehicles. Without pleading the necessary facts to satisfy Rule 9(b)'s standard of particularity, Plaintiffs' Consumer Fraud Claims must be dismissed.

### iv.    Plaintiffs fail to sufficiently plead causation and reliance

Plaintiffs must plead with sufficient detail the particular statements made by FCA that caused them to purchase their Vehicles and suffer injury to assert viable causes of action under the Illinois Consumer Fraud Act, N.J. Consumer Frauds Act, California Unfair Competition Law, Florida Consumer Protection Act and N.Y. General Business Law §§ 349 and 350. *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1056-57 (N.D. Ill. 2022); *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac LLC*, 945 F. Supp. 2d 543, 558 (D. NJ 2013); *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009) (requiring a "causal relationship between the unlawful conduct and the ascertainable loss"); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1200 (ND Cal. 2014); *City First Mortg. Corp v. Barton*, 988 S.o.2d 82, 86 (Fla. Dist. Ct. App. 2008); *Nealy v. US Surgical Corp*, 587 F. Supp. 2d 579, 585 (S.D.N.Y. 2008) ("The causation element is essential: 'The

plaintiff ... must show that the defendant's "material deceptive act" caused the injury.'") (quoting *In re Currency Conv. Fee Antitrust Litig.*, 230 F.R.D. 303, 310 (S.D.N.Y. 2004)).

Plaintiffs also must plead with sufficient detail that they relied on a specific statement FCA made when they decided to purchase their Vehicles to properly plead causes of action under the Texas Deceptive Trade Practices Act, Virginia Consumer Protection Act and California's Unfair Competition Law and Consumer Remedies Act. *See Omni USA, Inc. v. Parker-Hannifin Corp*, 798 F. Supp. 2d 831, 852 n 17 (S.D. Tex. 2011); *Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2019 WL 4572799, at *21 (S.D. Tex. Sep. 20, 2019) ("The Texas Deceptive Trade Practices Act requires a plaintiff to prove detrimental reliance on the alleged false or misleading statement"); *Hamilton v. Boddie–Noell Enter, Inc.*, 88 F.Supp.3d 588, 591 (W.D. Va. 2015) ("To properly state a cause of action under the [Virginia Consumer Protection Act], Plaintiff must allege... reliance by the party misled, and resulting damage"; *Moore*, 73 F. Supp. 3d at 1200 ("California courts have held that when the 'unfair competition' underlying a plaintiff's [UCL] claim consists of a defendant's misrepresentation, a plaintiff must have *actually **relied*** on the misrepresentation, and suffered economic injury as a result of that reliance, to have standing to sue.") (emphasis added); *Cohen v. DIRECTV, Inc.,* 178 Cal. App. 4th 966, 973 (2009) (same for claims arising under the California Consumer Remedies Act); *see also Durkee v. Ford Motor Co.,* No. C 14-0617 PJH, 2014 WL 4352184, at *3 (N.D. Cal. Sep. 2, 2014) ("[A] CLRA claim cannot be based on events following a sales transaction.").

Accordingly, to properly allege causation or reliance, "a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased." *Goldemberg v. Johnson & Johnson Consumer Co.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) (citing *Gale v Int'l Bus Machs Corp.*, 9 A.D.3d 446, 447 (N.Y.

2d Dep't 2004)); *see also In re Sony Gaming Networks & Customer Data Sec Breach Litig,*. 903 F. Supp. 2d 942, 969–70 (S.D. Cal. 2012) ("because Plaintiffs had already purchased or otherwise acquired their consoles when the alleged misrepresentations were made, reliance on such statements in purchasing their consoles is impossible."); *Friest v. Luxottica Grp. S.P.A.*, No. 2:16-cv-03327, 2016 WL 7668453, at *7 (D. N.J. Dec. 16, 2016) (dismissing N.J. Consumer Frauds Act claims where the plaintiff did not "sufficiently allege[ ] that the advertisement caused [his] purported loss," as the complaint did not "allege Plaintiff saw the advertisement before purchasing prescription glasses from Defendants"). If the plaintiff did not see any of the statements before the purchase, "[the statements] could not have been the cause of plaintiff's injury, there being no connection between the deceptive act and the plaintiff's injury." *Gale*, 9 A.D.3d at 447.

Here, the Complaint is devoid of any facts that would create an inference that, at the time of their purchases, Plaintiffs heard or read any of FCA's allegedly misleading statements, relied on them or that such statements caused them to ultimately purchase their Vehicles. The Complaint does not plead, for example, whether any Plaintiff ever saw the allegedly false statements referenced in the Complaint prior to making their purchase. *supra* n.4. The Complaint also fails to allege facts that any Plaintiffs read or heard *any* specific statement or that such statement caused them to purchase their Vehicles. *See Lieberson v. Johnson & Johnson Consumer Co.*, 865 F. Supp. 2d 529, 532 (D. N.J. 2011) (finding plaintiff did not satisfy Rule 9(b) where plaintiff did not identify whether and when plaintiff viewed the statements made by defendant); *Rodriguez v. It's Just Lunch, Int'l.*, No. 07 Civ. 9227, 2010 WL 685009, at *5 (S.D.N.Y. Feb. 23, 2010) ("Simply averring that certain misrepresentations have been made, through a Web site and a 'nationwide marketing campaign, since 1993, does not provide the requisite specificity to satisfy Rule 9(b)"). Because the Complaint only quotes portions of an FCA announcement and third-party news

articles without facts that Plaintiffs actually relied on the alleged statements therein, Plaintiffs fail to adequately plead causation and reliance.

> **v.    Plaintiffs fail to sufficiently plead pre-sale knowledge with respect to Plaintiffs' Illinois, Texas, Virginia, and New Jersey consumer fraud claims (Counts III-VI)**

Plaintiffs also fail to sufficiently plead that FCA had pre-sale knowledge concerning any alleged misrepresentation or omission. Plaintiffs must plead facts showing that FCA knew that it was making the allegedly false statements or omissions about the Vehicle prior to its sale to allege causes of action under the Illinois Consumer Fraud Act, N.J. Consumer Fraud Act, Texas Deceptive Trade Practices Act and Virginia Consumer Protection Act. *See, e.g., Hamilton*, 88 F. Supp. 3d at 591 (Virginia CPA claim must include: "a false representation, or material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage."); *Alban v. BMW of N Am., LLC*, No. 09-5398, 2010 WL 3636253, at *10 (D.N.J. Sep. 8, 2010) ("[T]he NJCFA does not require manufacturers to disclose things they do not know. Thus, unless a defendant manufacturer knows with certainty ... it does not violate the NJCFA by failing to inform its consumers"); *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (1994); Texas Deceptive Trade Practices Act §17.46(b) (deceptive practices include "failing to disclose information concerning goods or services which was known at the time of the transaction…"); *Demaria v. Nissan North America, Inc.,* No. 15 C3321, 2016 WL 374145, *11 (N.D. Ill. Feb. 1, 2016); *see also Gotthelf v. Toyota Motor Sales, USA, Inc.,* 525 Fed. Appx. 94, 104-05 (3d Cir. 2013); *Mandani v. Volkswagen Grp. of Am. Inc.*, No. 17-cv-07287-HSG, 2019 WL 652867, *8 (N.D. Cal. Feb. 15, 2019) ("[C]onclusory allegations of pre-purchase knowledge... are insufficient"); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 308-09 (N.D.N.Y. 2019) (same).

In *Maugain v. FCA US LLC*, No. 22-116-GBW, 2023 WL 1796113, at *20 (D. Del. Feb. 7, 2023), plaintiffs asserted that FCA violated various state consumer protection laws due to its

failure to advise purchasers of allegedly known engine defects in certain FCA vehicles. Plaintiffs asserted FCA had pre-sale knowledge of such defects based upon certain bulletins and customer complaints and general allegations of pre-production knowledge and testing. However, even with these allegations, the Court determined that plaintiffs' complaint failed to allege a plausible claim that FCA knew of the defect prior to the sale of its vehicles, and thus granted FCA's motion to dismiss all of plaintiffs' fraud claims based on omission.

Plaintiffs here allege far less than what the Court determined was insufficient to plead fraud in *Maugain*. Plaintiffs' Complaint baldly alleges that FCA "knowingly made misrepresentations" that the Vehicle was going to be a "limited edition", single-year model that was never going to be produced again. (Cplt. ¶ 66, 88, 107, 123, 125, 133-135). Plaintiffs allege no facts concerning how FCA had pre-sale knowledge that its engineers eventually would be successful in addressing the Vehicle's emissions challenges or that it planned a MY 2023 launch. Simply, Plaintiffs' conclusory allegations that FCA had "pre-sale knowledge" that they would later produce another edition of the Vehicle do not satisfy the pleadings requirements to support the Consumer Fraud Claims.

### vi.   Plaintiffs fail to plead they suffered damages

The Complaint also is subject to dismissal because Plaintiffs fail to allege facts sufficient to demonstrate the existence of any injury-in-fact traceable to FCA's conduct. Injury-in-fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A complaint must "allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *Thorne v. Pep Boys Manny Moe & Jack, Inc.*, 980 F.3d 879, 886 (3d Cir. 2020).

Here, Plaintiffs claim they were damaged because FCA manufactured and sold MY 2023 SRT Hellcats that will lower the "investment" value of their Vehicles. However, Plaintiffs fail to

allege that they suffered any actual injury. They do not allege that they sold their Vehicles and suffered a loss. And even if Plaintiffs had made such allegations, they fail to address whether they stored their Vehicles or limited driving their Vehicles to avoid diminishing its investment value. Therefore, Plaintiffs' Complaint does not "allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture". *Thorne*, 980 F.3d at 886.

    **b.**    **Plaintiffs do not Properly Plead a Negligent Misrepresentation Claim (Count XII)**

Plaintiffs fail to adequately plead negligent misrepresentation. Under the laws of all Seven States, negligent misrepresentation must be plead with particularity under Rule 9(b). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." *Id.* (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Generally, a plaintiff alleging negligent misrepresentation must show (1) a misrepresentation, (2) carelessness or negligence in ascertaining the truth of the statement by the speaker, (3) that the speaker owes a duty to act with care with respect to the plaintiff, and (4) the plaintiff reasonably relied on the misrepresentation to their detriment. *Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*, 910 F. Supp. 2d 543, 546 (S.D.N.Y. 2012); *Flowers v. ERA Unique Real Estate, Inc.*, 227 F. Supp. 2d 998, 1000 (N.D. Ill. 2002); *F.D.I.C. v. Floridian Title Group, Inc.*, 972 F. Supp. 2d 1289, 1297 (S.D. Fl. 2013); *South Broward Hosp. Dist. V. MedQuist Inc.*, 516 F. Supp. 2d 370, 395 (D. N.J. 2007); *Greco v. Jones*, 38 F.Supp.3d 790, 798 (N.D. Tex. 2014). Under California law, plaintiffs are required to show (1) misrepresentation of fact (2) by a person without "reasonably grounds for believing it to be true," (3) intent to induce reliance, (4) actual and reasonable reliance, and (5) resulting damage. *Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014). Virginia, which does not recognize negligent misrepresentation as an independent

cause of action, contains the same elements of misrepresentation, reasonable reliance, and damage. *Baker v. Elam*, 883 F. Supp. 2d 576, 580 (2012).

Here, Plaintiffs fail to allege facts identifying the specific statements that each heard or read. Plaintiffs also fail to allege with particularity how any of FCA's statements constitute misrepresentations or information that FCA should have known constituted a misrepresentation. The very articles cited in Plaintiffs' Complaint reveal that FCA stated the Vehicle would not be serialized or limited and that it did not know how many units it would produce at the time of the announcement due to unknown factors. *supra* n.4-5. Further, FCA's statements also provided consumers context concerning its hesitancy to commit to a 2022 MY edition because the Vehicle would not meet new evaporative emission regulations. *supra* n.4-5.

Plaintiffs also fail to adequately plead the element of reliance necessary to support their negligent misrepresentation claims. "A bare allegation of reliance on alleged misrepresentations bereft of any additional detail, will not suffice under Rule 9(b)." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (court dismissed plaintiffs' negligent misrepresentation claim because plaintiffs failed to identify the specific statements they relied upon). Plaintiffs only make conclusory allegations that they "relied on FCA's statements",[9] but fail to identify any specific statements Plaintiffs heard or read and relied on. Without more, Plaintiffs' negligent misrepresentation claim must be dismissed for failing to satisfy Rule 9(b)'s particularity standards.

### c.   Plaintiffs' Breach of Express Warranty Claims are Precluded by the Terms of FCA's Written Warranty

Plaintiffs' breach of express warranty claim must be dismissed because the Complaint fails to identify what express warranty was made by FCA and ignores the existing terms of FCA's

---

[9] *See* Cplt. ¶¶ 56 (because of the deceptive statements"), 197 ("relied upon representations made by Defendants").

written Warranty. To the extent Plaintiffs attempt to plead that an express warranty was made outside of the terms of the Warranty, such attempt fails as a matter of law. The Warranty expressly states, "[t]he warranties contained in this booklet are *the only express warranties* that FCA US LLC ("FCA") makes for your vehicle." *See* **Ex. D**, Warranty, P. 4 (emphasis added). This limitation is enforceable under every state law implicated in the Complaint. *See, e.g., Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 756 (N.D. Cal. 2019) (court agreed that limited warranty, which expressly disclaims any other express warranty, precluded plaintiff's express warranty claim); *Boddison v. Gen. Motors LLC*, No. 8:20-cv-2139-WFJ-AEP, 2021 WL 2435388, at *4-5 (M.D. Fla. Mar. 19, 2021) (same); *MAN Roland, Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 568, 572-73 (N.D. Ill. 1999) (same); *Adams v. Nissan North America, Inc.*, 395 F. Supp. 3d 838, 855 (S.D. Tex. 2018) (same); Tex. Bus. & Com. Code Ann. § 2.316; *Partin v. NuWave, LLC*, 603 F. Supp. 3d 280, 283 (E.D. Va. 2022) (same). Therefore, Plaintiffs' breach of express warranty claim must be dismissed because the only express warranties are those contained in the Warranty, which do *not* include a warranty that the Vehicle would only be produced in the 2021 MY. *See* **Ex. D**, Warranty. Any attempt to claim FCA's alleged misrepresentations created an additional "express warranty" runs afoul of the Warranty's express limitation. *Id.*, p. 4.

> **d.    Plaintiffs' Unjust Enrichment Claim (Count XI) is Not Properly Pled**

Plaintiffs' unjust enrichment claim must be dismissed because it is devoid of sufficient factual allegations, duplicative of other claims, and precluded by the Warranty.

Unjust enrichment claims grounded in fraud allegations are governed by the pleading standards of Rule 9(b). *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 94 (2d Cir. 2023); *Omnipol, AS v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1308 (11th Cir. 2022); *Duncan Place Owners Assoc v. Danze, Inc.*, 927 F.3d 970, 973 (7th Cir. 2019). For the same reasons addressed above, Plaintiffs' Complaint is replete with conclusions that FCA "knew" of its

alleged misrepresentations regarding whether FCA would manufacture SRT Hellcats in a future MY. (Cplt. ¶ 50, 64, 66, 88, 107, 123, 125, 133-135). Therefore, the unjust enrichment claim must fail under Rule 9(b).

The unjust enrichment claim is also subject to dismissal because the Vehicles were sold with the Warranty. Quasi-contract claims cannot survive when an express contract already exists concerning the same matter. See, e.g., *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 573-74 (N.D. Ill. 2021) ("It is axiomatic that an express warranty is contractual in nature . . . [and when] two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract."); *Kahn v. FCA US LLC*, No. 2:19-cv-00127-SVW-SS, 2019 WL 3955386, at *8 (C.D. Cal Aug. 2,. 2019) (unjust enrichment is not a standalone cause of action in California and courts construes unjust enrichment causes of action as "a quasi-contract claim" that "cannot lie where a valid express contract covering the same subject matter exists between the parties"); *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1327 (S.D. Fla. 2020); *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075, 2021 WL 3727801, at *42 (S.D.N.Y. Aug. 23, 2021).

Plaintiffs' unjust enrichment claim is also predicated on the same alleged conduct as other claims in Plaintiffs' Complaint. Unjust enrichment claims that are merely duplicative of fraud, breach of warranty, and consumer protection claims are subject to dismissal. *Aon plc v. Infinite Equity, Inc.*, No. 19-cv-07504, 2021 WL 4034068, *20 (N.D. Ill.  Sep. 3, 2021); *In re Clorox Consumer Litig.*, No. 12-00280 SC, 2013 WL 3967334, at *12 (N.D. Cal. 2013).

Unjust enrichment is an equitable claim, not a legal one. *McKesson HBOC, Inc. v. NY State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 294 (3d Cir. 2011). When a plaintiff bases equitable claims on "the same factual

predicates" as plaintiff's "breach of warranty, fraud, and statutory consumer protection claims" the equitable claims are not actionable. *Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP (JC), 2017 WL 6940534, at \*5 (C.D. Cal. Dec. 14, 2017); *Adams*, 395 F. Supp. 3d at 855. Because Plaintiffs' breach of warranty, fraud and negligent misrepresentation claims all fail, his equitable claims must be dismissed.

### e. Plaintiffs' Class Claims Must be Dismissed under Rule 12(f)

#### i. Plaintiffs lack standing to bring nationwide class claims

Plaintiffs assert claims on behalf of a putative nationwide class for breach of express warranty, unjust enrichment, negligent misrepresentation and the New Jersey and Florida consumer fraud claims. Plaintiffs lack standing to bring a nationwide class for these claims.

The Third Circuit has held that "[s]tanding requires that the party seeking to invoke federal jurisdiction 'demonstrate standing for **each claim** he seeks to press.'" *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 359 (3d Cir. 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (emphasis added). The standing requirement remains the same in a class action context. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017). The Court's decision in *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Lit.*, No. 2895, 2022 WL736250 at\*17 (D. Del. Mar. 11, 2022) addressed this very issue. There, the complaint was dismissed with respect to the nationwide class claims brought outside the 15 states where the named plaintiffs resided. *Id.* at\*18. The court ruled plaintiffs could not "premise Article III standing for claims outside of the 15 states on the injuries allegedly suffered by putative, unnamed class members in other states" because the "'named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* at\*17 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). "After all, if the class

representative lacks standing, then there is no Article III suit to begin with – class certification or otherwise." *Flecha v. Medicredit, Inc*, 946 F.3d 762, 769 (5th Cir. 2020).

The same reasoning applies here. Plaintiffs lack Article III standing to bring any claims outside of the Seven States where the Plaintiffs reside or purchased their Vehicles because the Complaint fails to name any class members or representatives outside the Seven States. Applying the holdings in *Neale*, *In re Horizon*, and *In re Sensipar*, Plaintiffs cannot bring claims without establishing standing. Accordingly, Plaintiffs' "nationwide" class claims must be dismissed for lack of Article III standing.

### ii. Plaintiffs' class allegations should be stricken pursuant to Rule 12(f)

Lastly, given that Plaintiffs' proposed class raises obvious problems with meeting typicality and predominance of common questions of fact or law over the individualized fact issues, this Court should strike Plaintiffs' class allegations pursuant to Rule 12(f). Courts "may strike class allegations before discovery 'where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" *Johnson v. Organo Gold Int'l, Inc.*, No. 15-390-LPS, 2016 WL2771124, at*2 (D. Del. May 13, 2016) (quoting *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07-4925 (JAP), 2008 WL 4056244, at*7 (D. N.J. Aug. 26, 2008)); *see also Zieger v. Advance Am.*, No. 13-1614-GMS, 2014 WL 7388365, at *1 (D. Del. Dec. 29, 2014). In *Johnson*, the Court recognized that the proposed class (consumers of a certain type of coffee manufactured by the defendant) would never be certified because the typicality requirement in Rule 23(a)(3) could not possibly be met. Namely, satisfying typicality was impossible due to the proposed class suffering different damages (some class members damaged by their consumption of the coffee, while others were not). The motion to dismiss was granted. *Id*.

Further, for class allegations to survive a pleading attack, plaintiff must allege facts showing that predominating common questions exist and will be answered through common proof.

*See* Rule 23(b)(3); *Thom v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 327 (4th Cir. 2006); *Johnson*, at*8. *See Sanders v. Apple, Inc*., 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (motion to strike granted based on individual inquiries necessary to establish element of reliance); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212-13 (9th Cir. 1975). In the event this action proceeds, individualized inquiries will be required concerning why each respective class member purchased their Vehicle, their use of the Vehicle and resulting impact on its "investment" value and what if anything they heard or read and relied upon relating to FCA's statements concerning the Vehicle. The individualized fact issues will include an analysis of each class members' respective lifestyles, needs, and goals with respect to the Vehicle. For example, some may have purchased the Vehicle to use as their everyday mode of transportation because they have a large family and the Vehicle has 3-row seating. Others may have purchased and stored it in a warehouse to preserve their "investment" for some unique period of time before seeking to sell their Vehicles. Because of the diverse motivations for each purchaser, should a class be certified, each respective class member will have individualized damages. Based on these obvious problems with the Complaint's class allegations, this Court need not wait until discovery has been conducted and a motion for class certification is filed to dismiss Plaintiffs' class claims. It is "plain enough from the pleadings" that this action cannot be maintained as a class action. *See Kamm*, 509 F2d at 210; *Johnson*, at*8.

## V.    CONCLUSION

For all of the foregoing reasons, FCA US LLC respectfully requests that this Court grant its Motion to Dismiss and such other relief as this Court deems appropriate.

Dated: June 19, 2023                                         Respectfully submitted,

CLARK HILL PLC

*/s/ Margaret M. DiBianca*
Margaret M. DiBianca, Esq. (No. 4539)
824 N. Market Street, Ste. 710
Wilmington, DE  19801
Telephone:  (302) 250-4748
Email:  mdibianca@clarkhill.com

*~of counsel~*

CLARK HILL PLC

John E. Berg, Esq., *admitted pro hac vice*
(Detroit office)
(313) 965-8417
Jberg@clarkhill.com

David T. Graham, Esq., *admitted pro hac vice*
(Chicago office)
(312) 985-5945
dgraham@clarkhill.com

Jonathan Roffe, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-9137
jroff@clarkhill.com

Magy Shenouda, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-5889
mshenouda@clarkhill.com

*Attorneys for Defendant FCA US LLC*