# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACY PHILLIPS, LAWRENCE WILLIS, ELI NEGRON III, CHRISTIAN PAPANA, JASON VAN GENDEREN, MARK HOLLINGSWORTH and JEFFREY G. HEINTZ, SR.,<br><br>           Plaintiffs,<br><br>       v.<br><br>FCA US LLC, and STELLANTIS, N.V.,<br><br>           Defendants. | C.A. No.: 23-00251 MN |

## FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

|  |  |
|---|---|
| Dated: <u>August 28, 2023</u> | Respectfully submitted, |
|  | CLARK HILL PLC |
|  | */s/ Margaret M. DiBianca* |
|  | Margaret M. DiBianca, Esq. (No. 4539) |
|  | 824 N. Market Street, Ste. 710 |
|  | Wilmington, DE  19801 |
|  | Telephone:  (302) 250-4748 |
| *~of counsel~* | Email:  mdibianca@clarkhill.com |

CLARK HILL PLC

John E. Berg, Esq., *admitted pro hac vice*
(Detroit office)
(313) 965-8417
Jberg@clarkhill.com

David T. Graham, Esq., *admitted pro hac vice*
(Chicago office)
(312) 985-5945
dgraham@clarkhill.com

Jonathan Roffe, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-9137
jroff@clarkhill.com

Magy Shenouda, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-5889
mshenouda@clarkhill.com

*Attorneys for Defendant FCA US LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT .............................................................................................................. 1

    A. The State Consumer Fraud Claims Should be Dismissed .................................. 1

       1. Plaintiffs Fail to Plead Actionable Misrepresentations ............................. 1

       2. Plaintiffs Fail to Fulfill or Acknowledge Their Pleading Obligations ..... 3

       3. Plaintiffs Fail to Plead FCA Had Pre-Sale Knowledge (Counts III-VI) ... 4

       4. Plaintiffs Fail to Plead Damages ................................................................. 5

    B. Plaintiffs Fail to Adequately Plead Negligent Misrepresentation ..................... 6

    C. Plaintiffs' Breach of Express Warranty Claims Fail ........................................... 7

    D. Plaintiffs' Unjust Enrichment Claims Fail ........................................................... 9

    E. Plaintiffs Lack Standing to Bring Class Claims .................................................. 9

III. CONCLUSION ......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*, 910 F. Supp. 2d 543 (S.D.N.Y. 2012) ... 7

*Bayview Hunters Point Cmty Advocates v. Metro Transp. Comm'n*, 366 F. 3d 692 (9th Cir 2004) .................................................................................................................................. 3

*Briehl v. Gen. Motors Corp.*, 172 F. 3d 623 (8th Cir. 1999) ......................................................... 6

*Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887 (N.D. Cal. 2014) ................ 7

*Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728 (N.D. Cal. 2019) ............................................. 7

*Coppelson v. Serhant*, 19-cv-8481 (LJL), 2021 WL 148088 (S.D.N.Y. Jan. 15, 2021)................. 2

*Dzielak v. WhirlpoolCorp.,* 26 F. Supp. 3d 304 (D. N.J. 2014)...................................................... 9

*Flynn v. FCA US LLC*, 327 F.R.D. 206 (S.D. Ill. 2018).................................................................. 7

*Garlough v. FCA US LLC*, 2021 WL 1534205 (E.D. Cal. Apr. 19, 2021)..................................... 4

*Harrell v. United States*, 13 F. 3d 232 (7th Cir. 1993) .................................................................. 8

*In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 966 F. Supp. 1525 (E.D. Mo. 1997) ................................................................................................................................................ 6

*In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Lit.*, No. 2895, 2022 WL736250 (D. Del. Mar. 11, 2022) ................................................................................................................ 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145 (C.D. Cal. 2010)................................................................................... 7

*Johnson v. Organo Gold International, Inc.*, No. 15-390-LPS, 2016 WL2771124 (D. Del. May 13, 2016).............................................................................................................................. 10

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)................................................................ 5

*Landsman & Funk PC v. Skinder-Strauss Assocs.,* 640 F. 3d 72 (3d Cir. 2011) .......................... 9

*Lujan v Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................................... 6

*Perkins v. LinkedIn Corporation*, 53 F. Supp. 3d 1190 (N.D. Cal. 2014)...................................... 4

*Riegel v. Medtronic, Inc.*, 2003 WL 25556778 (N.D. N.Y. 2003) ................................................ 8

*Sater v. Chrysler Grp. LLC*, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015).................................... 8

*Sharifan v. NeoGenis Labs, Inc*, 622 F. Supp. 3d 478 (S.D. Tex., 2022) ......................................... 4

*Sobel v. Eggleston*, No. 12 Civ. 2551, 2013 WL1344712 (S.D.N.Y. Mar. 28, 2013) .................... 2

*SodexoMAGIC, LLC v. Drexel University*, 24 F. 4th 183 (3d Cir. 2022) ........................................ 2

*South Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 395 (D. N.J. 2007)..………..7

*Greco v. Jones*, 38 F. Supp. 3d 790 (N.D. Tex. 2014) .................................................................... 7

*Thorne v. Pep Boys Manny Moe & Jack, Inc.*, 980 F. 3d 879 (3d Cir. 2020). ............................... 6

*Viking Yacht Co. v. Composites One, LLC*, 496 F. Supp. 2d 462 (D. N.J. 2007) ........................... 8

*Yost v. General Motors Corp.*, 651 F. Supp. 656 (D. N.J. 1986) .................................................... 6

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................................ 3

Rule 23(a)(3) .................................................................................................................................. 10

Rule 23(a)(4) .................................................................................................................................. 10

Rule 9(b) .......................................................................................................................................... 3

I.  **INTRODUCTION**

FCA US LLC ("FCA") moved to dismiss Plaintiffs' Complaint (the "Motion") because Plaintiffs' allegations of fraud are belied by the very articles and videos regarding the sale of the 2021 Dodge Durango Hellcat they cite. Nor do Plaintiffs allege that they read the articles or heard the video prior to purchase. FCA also moved to dismiss Plaintiffs claimed "single year production only" warranty because it is precluded by the terms of FCA's *written* Warranty. The Complaint is also devoid of facts that their Vehicles "diminished in value". Lastly, Plaintiffs suggest that the Court should ignore the idiosyncratic reasons why consumers purchased their Vehicles and how such individual questions of fact doom their request for a class relief. This Court should not wait until class certification to dismiss the Complaint's class allegations.

II.  **ARGUMENT**

A.  **The State Consumer Fraud Claims Should be Dismissed**

1.  **Plaintiffs Fail to Plead Actionable Misrepresentations**

Plaintiffs cite to: (1) the July 12, 2020, *Torque Report* article (Motion, Ex. A), and (2) the July 2, 2020, FCA Vehicle announcement video as the "alleged misrepresentations". Cplt. at 27-28, n.2; Opp. at 5. Neither source supports Plaintiffs' claims. With respect to the *Torque* article, Plaintiffs selectively quote partial statements made by FCA's representative (Tim Kuniskis) about the Vehicle: "we're only building them for six months…", FCA "expects that less than 2,000 vehicles" will be built and that "it's a one-year cycle." Cplt. at 28; Opp. at 5. Plaintiffs then argue FCA did not suggest that consumer demand, the ability to overcome COVID restrictions or compliance with changing evaporative emissions standards may alter the production plans for the Hellcat. Motion at 3, 5-6; Opp. at 5-6. Plaintiffs' argument, however, is belied by the *very* article Plaintiffs cite:

1

> [Quoting Kuniskis:] With all of the changes we made in the plant to come back up [to production] **post-COVID** with the sequencing and spacing in the plant**, it's changed the number we can build**…**It will be determined by customer demand and how much we can build…** When we switch to '22 model year, **there's new evaporative emission requirements that come in that the Hellcat engine does not meet** in that platform … And with the change in platforms … it's a one-year cycle."

(Emphasis added). Additionally, the article quotes Kuniskis as stating that the Vehicle "*is not limited*, **not serialized** *like what we do with [other vehicles]*." *Id.* (emphasis added). By ignoring the entirety of the *Torque* article, Plaintiffs' house of cards that FCA misled consumers on the variables impacting future production of the Vehicle falls.

With respect to the Vehicle announcement video, Plaintiffs argue that the statements made therein (including "When we turn the order books over to the '22 model year, the Durango Hellcat will be gone. So you've only got one shot [to buy one]" with large graphics saying "DON'T WAIT") constitute actionable misrepresentation because only statements boasting of quality can be non-actionable puffery. Opp. at 2, 5-6. However, such forward looking statements about the future are akin to many other statements that are widely deemed puffery and non-actionable. *See, e.g.*, *SodexoMAGIC, LLC v. Drexel University*, 24 F. 4th 183, 211 (3d Cir. 2022) (noting that "due to the known unreliability of predicting the future, forward-looking statements typically cannot constitute misrepresentations for purposes of a fraud claim."); *see also Coppelson v. Serhant*, 19-cv-8481 (LJL), 2021 WL 148088, at *7 (S.D.N.Y. Jan. 15, 2021) (statement that a property "would appreciate in value," is mere opinion or puffery).

Plaintiffs attempt to distinguish *Sobel v. Eggleston*, No. 12 Civ. 2551, 2013 WL1344712, at *4 (S.D.N.Y. Mar. 28, 2013) – cited by FCA for the proposition that "limited edition" products that are later reproduced as "subsequent editions" are not the same product – by arguing the '23 MY Hellcat is an essentially "identical" continuation and not a subsequent edition of the Vehicle.

2

Opp. at 7-8. But this argument conflicts with the *Motor Authority* article that *Plaintiffs* cite which reported that '23 MY edition changed considerably from the original Vehicle. *See* Motion **Ex. C** ("We had to change the (gas) tank, we had to change the software, we had to change the evaporative emission control system, we had to change a lot of stuff to make it more than one model year.")[1] That Plaintiffs cannot distinguish FCA's authorities on this point is telling. FCA statements regarding future events and variables impacting the production of future Hellcats are not actionable. *See, Id.* at *4.

### 2. Plaintiffs Fail to Fulfill or Acknowledge Their Pleading Obligations

Plaintiffs contend that they fulfilled their pleading obligations with respect to the State Consumer Fraud claims pursuant to Rule 9(b)[2] by citing to conclusory allegations concerning what, when and where FCA made its purported misrepresentations. Plaintiffs, however, fail to allege any specifics concerning "what", if any, misrepresentations FCA made that *Plaintiffs* saw or read.[3] Plaintiffs contend pointing to examples of FCA's misrepresentations (*see* Cplt., ¶¶ 27-33) is sufficient to satisfy Rule 9(b), because it "would be unfair to require plaintiffs to recall and specify precisely which of the many advertisements they...saw [and] relied upon." Opp. at 10. Plaintiffs' argument fails for several reasons.

---

[1] Plaintiffs also fail to address or distinguish, *Bayview Hunters Point Cmty Advocates v. Metro Transp. Comm'n*, 366 F. 3d 692 (9th Cir. 2004) for the proposition that "predictions as to future events are ordinarily non-actionable expressions of opinion".
[2] However, Plaintiffs opposition states at footnote 3, "The Standard of Review for Fed. R. Civ. P. 8 and 9(b) pleading are well known and need not be addressed here."
[3] Plaintiffs' Opp. at 8 string cites paragraphs from their Complaint, yet none of them contain any facts as to the who, what, where and when Plaintiffs read or heard FCA's alleged misrepresentations.

First, Plaintiffs rely on outlier California and Texas decisions that conflict with most decisions in their respective Circuits.[4] Notably, in *Sharifan v. NeoGenis Labs, Inc.*, 622 F. Supp. 3d 478, 493 (S.D. Tex., 2022), the court held that:

> **[Plaintiff] cannot simply refer to an amorphous advertising campaign and then claim that an unspecified advertisement—which he viewed at an unspecified time—convinced him to purchase the Soft Chews….** This flies in the face of Rule 9(b)'s heightened pleading requirement… **Moreover, a fraud-based claim is all but eviscerated when the plaintiff's complaint supplies examples of the supposed misrepresentations (e.g., advertisements), and those examples flat out contradict the complaint's allegations of fraud**… (emphasis added, citations omitted).

As discussed above, the very articles Plaintiffs cite contradict their allegations of fraud.

Second, Plaintiffs fail to allege that they saw or heard *any* of the FCA statements concerning the Vehicle before purchase. Plaintiffs cannot claim to have relied upon such alleged FCA's misrepresentations or that such statements caused them to ultimately purchase the Vehicle without pleading these facts. *See, e.g., Sharifan,* 622 F. Supp. 3d at 493.

Lastly, Plaintiffs fail to address, let alone rebut, the applicability of Rule 9(b) pleading requirements for the Florida, Illinois, Virginia or New Jersey based State Consumer Fraud claims. For all of these reasons, Plaintiffs fraud and consumer fraud claims fail.

### 3. Plaintiffs Fail to Plead FCA Had Pre-Sale Knowledge (Counts III-VI)

Plaintiffs argue they also sufficiently plead FCA had pre-sale knowledge with respect to Illinois, Texas, Virginia, and New Jersey consumer fraud claims because (a) knowledge of marketing artificial scarcity can be implied (whereas it cannot for false advertisements concerning hidden defects) and (b) "the ramp up for production takes at least a year" and FCA announced the

---

[4] Cf. *Perkins v. LinkedIn Corporation*, 53 F. Supp. 3d 1190, 1220 (N.D. Cal. 2014)) ("[T]his Court has consistently held that plaintiffs in misrepresentation cases must allege that they actually read the challenged representations in order to state a claim."); *See Garlough v. FCA US LLC*, 2021 WL 1534205, at *6 (E.D. Cal. Apr. 19, 2021) (dismissing fraud-based claim where plaintiff did not "specify what advertisements he saw, when or where he saw them...").

4

'23 MY edition in 2022. Opp. at 13. Plaintiffs fail to cite any *authority* to support a claim that pre-sale knowledge may be "implied" to meet the pleading standards for State Consumer Fraud Claims concerning the future product availability. Most important, Plaintiffs fail to cite any *fact* in their Complaint to support their theory that FCA knew it would produce a '23 MY edition in July 2020.

In the articles Plaintiffs cite, FCA is quoted as saying as early as July 12, 2020, that consumer demand was an *unknown*, and that "When we switch to '22 model year, there's new evaporative emission requirements that come in that the Hellcat engine does not meet." (*Torque Report* article, Motion, **Ex. A**). According to that article, as well as the *Motor Authority* article (*see* Motion, **Ex. C**), it was not until FCA's engineers tackled the Vehicle's ability to meet emissions standards, which was announced in 2022, that future production of later MY editions of the Vehicle became a possibility, let alone knowable. Accordingly, such claims must be dismissed.

### 4. Plaintiffs Fail to Plead Damages

Plaintiffs could not point to a single fact in their Complaint supporting damages, including whether they attempted to sell their vehicles or what "premium" or "depreciated value" could be determined. Plaintiffs rely on *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329-30 (2011) concerning California Unfair Competition Law ("UCL") interpretation, and *Poulin v. Ford Motor Co.*, 147 Vt. 120, 127 (1986), addressing a Vermont consumer fraud act but neither case is binding, let alone persuasive.

Plaintiffs do not bring a Vermont consumer fraud act claim. *Kwikset* is not applicable either because "[T]o plead a UCL claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct." Plaintiffs have simply not done so. *See Birdsong v. Apple, Inc.*, 590 F. 3d 955, 961 (9th Cir. 2009) (plaintiffs lacked standing as their alleged injury in fact was merely hypothetical as the plaintiffs had not shown any actual injury, but merely a "potential" one). To sufficiently assert that one has

5

suffered an "injury in fact," a pleader must allege facts that are "concrete and particularized," "actual or imminent" and not "conjecture or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Thorne v. Pep Boys Manny Moe & Jack, Inc.*, 980 F. 3d 879, 886 (3d Cir. 2020). Facts concerning loss of "value" and "depreciation" must be plead with sufficient detail. *Id.*; *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 252; 872 A2d 783 (2005) ("[A] future hypothetical diminution in [vehicle] value ... is too speculative to [constitute a] measurable loss as a condition of bringing a [NJ] CFA suit"); *Yost v. General Motors Corp.*, 651 F. Supp. 656, 658 (D. N.J. 1986) (allegations of diminution in value are unsupported where the plaintiff "has not apparently attempted to sell his car in the used car market and simply asserts the bald conclusion that its value in that market has decreased").[5] No Plaintiff alleges he or she attempted to or sold their Vehicle and subsequently suffered an alleged "loss." Plaintiffs simply fail to plead an "injury in fact".

### B. Plaintiffs Fail to Adequately Plead Negligent Misrepresentation

Aside from Plaintiffs' having abandoned their Virginia negligent misrepresentation claim,[6] Plaintiffs fail to address FCA's argument that their negligent misrepresentation claims are not sufficiently plead. Rather, Plaintiffs contend their pleading is sufficient by citing to their State Consumer Fraud Claims. But negligent misrepresentation and State Consumer Fraud claims are not identical. States have different elements of the claims that need to be plead, including asserting, *inter alia*, that defendant had a duty to act with care, no reasonable "grounds for believing" the

---

[5] *See also In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997), *aff'd sub nom. Briehl v. Gen. Motors Corp.*, 172 F. 3d 623 (8th Cir. 1999) (dismissing claims where plaintiffs "merely alleged they suffered a loss of resale value and paid more for vehicles than they were worth [because t]here are no details surrounding these claims, as it appears no plaintiff has attempted to sell his or her vehicle").
[6] Plaintiffs concede Virginia does not recognize negligent misrepresentation as a viable claim.

statement "to be true" and that plaintiffs reasonably relied upon such statements.[7] Plaintiffs do not attempt to address any of these differences in state law, nor do they demonstrate their pleadings sufficiently fulfilled such pleading requirements.

### C. Plaintiffs' Breach of Express Warranty Claims Fail

Plaintiffs argue that their breach of express warranty claims are not precluded by FCA's written Warranty because affirmation of fact or promises concerning the limited-edition nature of the Vehicle became a part of the basis of the bargain and created an express warranty. Opp. at 14. For a plaintiff to assert that such statements created an "express" warranty, she must specifically allege that she saw or heard the statements at purchase. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010). Here, Plaintiffs have not done so. Additionally, an oral affirmation does not create an express warranty when it's expressly excluded in the parties' subsequent written contract. *See generally, Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 756 (N.D. Cal. 2019) (court granted defendant's motion to dismiss consumers' express warranty claim because manufacturer's limited warranty expressly disclaimed any other warranty); *Boddison v. Gen. Motors LLC*, No. 8:20-CV-2139-WFJ-AEP, 2021 WL 2435388, at *5 (M.D. Fla., Mar. 19, 2021) (court granted defendant's motion to dismiss plaintiffs' express warranty claim stemming from alleged advertisements due to the existence of a disclaimer in the written warranty).

---

[7] *Compare Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014) with *Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*, 910 F. Supp. 2d 543, 546 (S.D.N.Y. 2012); *South Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 395 (D. N.J. 2007); *Greco v. Jones*, 38 F. Supp. 3d 790, 798 (N.D. Tex. 2014); *see also Flynn v. FCA US LLC*, 327 F.R.D. 206, 218 (S.D. Ill. 2018) (finding that a routine relationship between a car manufacturer and car consumer does not establish a relationship generating a duty to disclose).

Plaintiffs further argue that FCA's Vehicle Warranty (*see* Motion Ex. D) cannot preclude Plaintiffs' express warranty claim because the Warranty is limited to potential defects in the Vehicle (whereas Plaintiffs' express warranty claim does "not relate to anything disclaimed in FCA's warranty") and is not sufficiently clear and conspicuous to consumers. D.I. 17, PageID: #202. Plaintiffs' arguments must be rejected. *Sater v. Chrysler Grp. LLC*, 2015 WL 736273 *5 (C.D. Cal. Feb. 20, 2015) (statements on website could not be basis for express warranty claim where written warranty made clear that only warranties were within booklet); *Riegel v. Medtronic, Inc.*, 2003 WL 25556778 at *1-3 (N.D. N.Y. 2003). The Vehicle Warranty (Motion, Exhibit D) states: "The warranties contained in this booklet are ***the only*** express warranties that FCA [ ] makes for your vehicle." *Id.*, §1 (emphasis added). The Warranty was provided to all prospective purchasers[8] of the Vehicle and the pertinent limitations thereunder are noted in its first sentence under large, capitalized font stating, "YOUR LEGAL RIGHTS UNDER THESE LIMITED WARRANTIES". Plaintiffs do not allege any facts in their Complaint that the Warranty was "unconscionable", unclear, or non-conspicuous. Plaintiffs making this argument for the first time in its Opposition and devoid of any factual support is not permitted. *Harrell v. United States*, 13 F. 3d 232, 73 A.F.T.R. 2d 94-630 (7th Cir. 1993). Plaintiffs fail to distinguish FCA's authorities on this point.

Plaintiffs' reliance on *Viking Yacht Co. v. Composites One, LLC*, 496 F. Supp. 2d 462 (D. N.J. 2007) is misplaced. *Viking* has no application because it involved statements regarding the product's quality that were made *in the same literature* provided to the buyer which included the inconsistent warranty disclaimer. *Id.* at 470. The *Viking* court could not reconcile defendants' conflicting statements. *Id.* Plaintiffs fail to allege facts to support that FCA made any express

---

[8] Accordingly, prospective purchasers had the ability to confirm prior to their purchase that FCA's statements concerning whether new editions of the Vehicle would be sold in a different model year were not being warranted as part of their purchase.

8

warranty that the '21 MY of the Vehicle was the only "production run" of the Vehicle sufficient to overcome the disclaimer in FCA's written Warranty. Indeed, the Complaint fails to even address FCA's Warranty and its disclaimer.

### D. Plaintiffs' Unjust Enrichment Claims Fail

Plaintiffs' fail to distinguish FCA's authorities so that they can proceed with unjust enrichment claims. *See* D.I. 12, PageID #: 108-09. Plaintiffs cite *Dzielak v. WhirlpoolCorp.,* 26 F. Supp. 3d 304, 335 (D. N.J. 2014), yet there the court held that unjust enrichment claims should be dismissed against a *manufacturer*, when the product is purchased from third-party retailers. Here, Plaintiffs purchased their Vehicles from dealers, not FCA, which requires dismissal of their claims.

### E. Plaintiffs Lack Standing to Bring Class Claims

Plaintiffs argue that this Court should not yet decide whether Plaintiffs lack standing to bring nationwide class claims because the Third Circuit is split concerning whether such arguments should be held for the class certification stage. In support, Plaintiffs cite *Maugain v. FCA US LLC*, No. CV 22-116-GBW, 2023 WL 1796113, at *5 (D. Del. Feb. 7, 2023) and *Neale v. Volvo Cars of N. Am., LLC*, 794 F. 3d 353, 364 (3d Cir. 2015). But *Maugain* set forth that *Neale* does "not mandate such a particular result", but rather that a court should only make a ruling on standing if a plaintiff "can show a judicially redressable injury." Here, no judicially redressable injury exists. *See also Sulligan et al. v. Ford Motor Co.*, 22-cv-11668 (LVP) (JJCG), ECF No. 23, Page ID. 1209 (E.D. MI. Aug. 11, 2023)(court granted defendants motion to dismiss for lack of nationwide class standing because plaintiffs "fail [to] allege a viable warranty, fraudulent concealment, and unjust enrichment claim under the laws of all fifty states".)

Plaintiffs also rely on *Landsman & Funk PC v. Skinder-Strauss Assocs.,* 640 F. 3d 72, 93 (3d Cir. 2011). However, the *Landsman* court was not confronted with a challenge based in Article

9

III standing and did not conduct that analysis. Further, in *Johnson v. Organo Gold International, Inc.*, No. 15-390-LPS, 2016 WL2771124 at*8 (D. Del. May 13, 2016), the court dismissed plaintiff's class claims at the outset of the litigation, finding that the plaintiff's injuries were "markedly different from the class as a whole" as some class members were injured due to their consumption of coffee while others were not. Therefore, the class would not be able to survive the typicality requirement under Rule 23(a)(3). Similarly, the Complaint here demonstrates that there are far too many individualized inquiries concerning the proposed class members' reason for their purchases, which affects the ability to meet the typicality, commonality, and predominance requirements under Rule 23. Plaintiffs fail to provide any basis, let alone acknowledge, how such individualized inquiries will be overcome and how they will have any basis to certify a class action. *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Lit.*, No. 2895, 2022 WL736250 at *17 (D. Del. Mar. 11, 2022) (dismissal of nationwide class claims brought outside of the 15 states where the named plaintiffs resided, due to lack of Article III standing). Therefore, this Court need not wait until a motion for class certification to dismiss Plaintiffs' class claims.

### III.   CONCLUSION

For the reasons set forth herein and, in its Motion, FCA respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

Dated: August 28, 2023                                              Respectfully submitted,

                                                                    CLARK HILL PLC

                                                                    */s/ Margaret M. DiBianca*
                                                                    Margaret M. DiBianca, Esq. (No. 4539)
                                                                    824 N. Market Street, Ste. 710
                                                                    Wilmington, DE  19801
                                                                    Telephone:  (302) 250-4748
*~of counsel~*                                                      Email:  mdibianca@clarkhill.com

CLARK HILL PLC

John E. Berg, Esq., *admitted pro hac vice*
(Detroit office)
(313) 965-8417
Jberg@clarkhill.com

David T. Graham, Esq., *admitted pro hac vice*
(Chicago office)
(312) 985-5945
dgraham@clarkhill.com

Jonathan Roffe, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-9137
jroff@clarkhill.com

Magy Shenouda, Esq., *admitted pro hac vice*
(Birmingham office)
(248) 530-5889
mshenouda@clarkhill.com

*Attorneys for Defendant FCA US LLC*