## TELECONFERENCE PREPARATION REQUIREMENTS

The following are some areas that the Court may focus on during the teleconference (if applicable). Counsel are required to be prepared to discuss these areas and shall advise the Court of other issues that may affect ADR.

      1.      The parties' interest in ADR and the type of ADR the parties would prefer.

      Below is a brief description of the types of confidential ADR offered by the Court.

a. **Mediation:** Mediation is the form of ADR provided by the Court in most cases. Here, Judge Burke acts as a neutral third party and facilitates discussions amongst the parties in order to assist them in finding a mutually acceptable resolution of the case. Unless there is agreement to do otherwise, Judge Burke will meet with the parties separately, in a back- and-forth fashion. In those individual meetings, he engages in some discussion of the strengths and weaknesses of the parties' claims and defenses, and attempts to emerge with a revised settlement proposal to present to the other side. The goal is to end the mediation with an agreement to all material terms of a settlement, and a clear understanding as to how the parties will work together to draft and execute a final settlement agreement.

b. **Early Neutral Evaluation:** In an early neutral evaluation, Judge Burke will receive presentations from each side (oral or written, or both) as to the one or two key issues in a case. Thereafter, he will review the parties' legal and factual arguments as to those issues, and orally provide the parties with a detailed, non-binding assessment of the issue(s) and the strengths and weaknesses of each side's presentation. Early neutral evaluation is generally used early in a case in order to streamline the litigation and may lead to a future mediation.

c. **Arbitration:** In an arbitration, Judge Burke will participate in a hearing attended by counsel and their clients, and will hear adversarial presentations by each side.

Thereafter, he will issue a decision based on the facts and applicable law. The parties may accept the decision, in which case it becomes the judgment of the Court, or may request a trial de novo. Arbitrations generally occur after at least core discovery has been completed.

          d.   **<u>Summary Bench Trial or Mini-trial:</u>** In a summary bench trial/mini-trial, each side presents a streamlined version of its case to Judge Burke (e.g., each side makes an opening statement, presents no more than two witnesses, offers other evidence and makes a closing argument). Judge Burke thereafter provides a verdict to the parties, and the parties may agree in advance to be bound by that verdict. A summary bench trial/mini-trial is generally used after discovery is complete, but where the parties wish to avoid the expense and time associated with the remainder of the pre-trial, trial and post-trial process.

          2.   The timing of any ADR process (that is, the point in the case schedule where each party believes that it would be most efficient for the court to engage in one of the above forms of ADR).

          3.   The availability of counsel, the parties and/or their decision-makers for ADR.

          4.   The length of time needed for the scheduled ADR process (e.g. whether the court should devote a full day-i.e., 10:00 a.m. to 5:00 p.m.-to ADR, or whether the case is such that a half-day-i.e., 9:00 a.m. to 1:00 p.m. or 1:00 p.m. to 5:00 p.m.-is more appropriate).

          5.   The identities of any non-parties who have an interest or influence on the outcome of the litigation, and whether they were notified by counsel or the parties of the teleconference. Such non-parties might include: (1) health care or workers' compensation lienholders, (2) excess carriers, (3) unsecured creditors in bankruptcy adversary proceedings, or (4) indemnifying parties.    If any non-party's interest would likely prevent a resolution if the non-party were not a

participant in the selected ADR process, or if counsel or a party feels that inclusion of a non-

party may be necessary for an effective ADR process to occur, then counsel or the party shall

advise the non-party or its representative of the date and time of the teleconference, and

encourage them to participate.

6.     Any ancillary litigation (pending or planned) that could affect the ADR process in

this case. These include arbitration proceedings or related cases filed in this Court or other

courts.

7.     Previous efforts, if any, by the parties or their counsel to resolve this matter.

8.     The identification of any outstanding liens, the amounts verified, and whether the

liens are negotiable or limited by governmental regulations or statutes (federal, state or local).

9.     The identification of other information required to appropriately and reasonably

value this matter prior to the ADR process selected. If the information will not be available or

completed by the time of the teleconference, counsel shall have an understanding of the type of

information, reports, data and/or discovery that should be made available or be completed before

ADR occurs.

10.    The Court's form Order Governing Mediation Conferences and Mediation

Statements.