Clark Hill

Brian O'Neill
T (302) 250-4768
Email: boneill@clarkhill.com

Clark Hill
824 N. Market Street, Suite 710
Wilmington, DE 19801
T (302) 250-4750
F (302) 421-9439

July 28, 2025

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Jennifer J. Hall
United States District Court for District of Delaware

Re:  *Phillips v. FCA US, LLC,* No. 23-00251 JLH-CJB

Dear Judge Hall:

Pursuant to the Your Honor's Individual Practice Rules and Guidelines, Defendant FCA US LLC ("FCA" or "Defendant") respectfully submits this letter in support of its motion to stay discovery in this case pending resolution of its Rule 12(b)(1), (b)(6), and (f) Motion to Dismiss Plaintiffs' Class Action Complaint (D.E. 11-12) ("Motion").

On September 23, 2024, the Court conducted an extensive hearing regarding Defendant's Motion, during which the Court indicated its intent to dismiss most (if not all) of Plaintiffs' claims. The Court has yet to issue a decision on such Motion and as a result, the parties have yet to fully submit pleadings, serve initial disclosures or conduct any Rule 26(f) conference. Nevertheless, on June 22, 2025, Plaintiffs served written discovery demands on Defendant seeking discovery relating to Plaintiffs consumer fraud claims and other materials that may be irrelevant to this dispute following the Court's ruling. **Exhibit A,** Plaintiffs' First Requests for Production to Defendant. The parties met and conferred on March 28, 2025 and June 27, 2025, during which Defendant sought an agreed stay of discovery pending this Court's decision on FCA's Motion. Plaintiffs refused.

Under these circumstances, the Court has broad discretion to control discovery and grant a stay or a partial stay. The Court may grant a motion to stay based on its "inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). When considering motions to stay, this Court considers the following three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *2 (D. Del. July 14, 2016). Here, all three factors favor a limited stay.

This case is ideally situated for a stay because it would simplify the issues for trial, preserve both the Court's and the parties' resources on fact and expert discovery, summary judgment, pretrial, and trial on issues and claims that may be entirely resolved with the resolution of FCA's Motion. A stay will not cause undue prejudice to Plaintiffs because if FCA's

July 28, 2025
Page 2

Motion is granted (even if just in part), Plaintiffs will, like FCA, have benefited from the avoidance of wasted time and resources conducting offensive and defensive discovery on claims no longer in the case or that will be plead differently should Plaintiffs amend their Complaint.

## I.    A Stay Until the Resolution of FCA's Motion Will Simplify the Issues for Trial.

The Third Circuit has regularly observed that "[i]t may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (affirming a stay of discovery pending the resolution of a Rule 12(b)(6) motion to dismiss); *Levey v. Brownstone Inv. Grp., LLC,* 590 Fed. App'x. 132, 137 (3d Cir. 2014). Such are the circumstances here. FCA's Motion, if granted, would dispose of the entire case under Rule 12(b)(6) (D.E. 11 at 10-19), and the alleged claims based in fraud further separately fail under Rule 9(b). (D.E. 11 at 15-19). A limited stay of discovery in this matter is consistent with the purpose of the Rule 12(b)(6) motion to narrow the issues in dispute to claims that are legally plausible. *See In re Radnor Holdings Corp.*, 564 B.R. 467, 487 (D. Del. 2017). Thus, considering the three possible outcomes, there is a significant probability that the issues will be simplified for trial. *See SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013) **Error! Bookmark not defined.**(finding that whichever of "three possible outcomes" occurs, there was the potential for the simplification of issues for trial).

The Court must also consider whether the pending motion "is without foundation or otherwise frivolous." *Actelion Pharms. Ltd. v. Apotex Inc.*, No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *5 (D.N.J. Sept. 6, 2013). Where a motion is not frivolous, a stay may be favored where resolution of the dispositive motion may narrow or outright eliminate the need for discovery. *See id.; see also Weisman v. Mediq, Inc.,* No. CIV. A. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). At the conclusion of oral argument on the Motion, this Court foreshadowed a possible ruling:

> … I'm going to tell you what I'm thinking… to the extent the Court dismisses any of the claims, the Court will grant to leave to replead… But my thinking is that the breach of express warranty claims will be dismissed… The unjust enrichment claims, they're all going to be dismissed certainly except for the California claim… Negligent misrepresentation claims will be dismissed. . . . And I agree with defendant that I didn't see any cases that stood for the proposition that a promise not to do something in the future could be the basis for a consumer fraud claim . . .

**Exhibit B**, Motion Hrg. Trans. Sept. 23, 2024, pp. 50-52. In short, issues for discovery are likely to be eliminated in whole or in part, and at a minimum, is likely to result in further pleading for the parties. *Gibly v. Best Buy Co.*, No. CV2114531JMVMAH, 2022 WL 2413906, at *2 (D.N.J. Mar. 7, 2022) is instructive. There, a Third Circuit district court permitted a stay pending resolution of a motion to dismiss, as the Court set forth that "the pending motion may dispose of this action in its entirety, [and] a stay would simplify issues for trial. Defendants have moved to dismiss all of Plaintiffs' claims, arguing that Plaintiffs' claims completely lack factual support. To the extent Plaintiffs allege fraud, those claims are subject to the heightened pleading requirement of Rule 9(b)…**even a partial dismissal would simplify the issues for both trial and discovery**." *Id.* (emphasis added). The same analysis applies here. At the Motion hearing, the Court clearly

July 28, 2025
Page 3

conveyed its intent to dismiss Plaintiffs' breach of express warranty, unjust enrichment, negligent misrepresentation, and consumer fraud claims as currently plead.

## II.   This Case is in its Nascency.

The second factor, the status of litigation, also favors a stay. *See Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at \*1 (D. Del. Apr. 9, 2015) (Hon. J. Burke); *Bataan Licensing LLC v. DentalEZ, Inc.*, No. 22-CV-238, 2023 WL 143991, at \*2 (D. Del. Jan. 10, 2023) ("Discovery is in its infancy, with the parties having only exchanged their initial disclosures in late 2022 and …. the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay.").

Here, a limited stay is appropriate because the case is still in its early stages. Further, the Court has not held a Rule 16(f) conference, and the parties have yet to submit any initial disclosures per Rule 26(a)(1). Therefore, the relative infancy of the case supports the entry of a limited stay of discovery.

## III.   Denial of the Stay Would Impose the Hardship and Inequity of Extensive Discovery on FCA and Conversely, a Stay Would Not Unduly Prejudice Plaintiffs.

As for the third factor, "a short stay, until resolution of the pending motion to dismiss, will not prejudice Plaintiffs or cause a tactical disadvantage to Plaintiffs because this case only recently commenced." *Gibly*, 2022 WL 2413906, at \*3 n.5. While "delay is inherent in every request to stay…" mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage. *See Levy v. Sterling Holding Co., LLC*, No. CIV.A. 00-994(GMS), 2004 WL 2251268, at \*2 (D. Del. Sept. 27, 2004). Here, Plaintiffs cannot identify any specific or cognizable injury or prejudice that they would suffer from a stay of limited duration pending resolution of FCA's Motion. By contrast, denial of the requested limited stay would create a clear case of hardship and inequity for FCA. Plaintiffs' discovery demands include 18 document requests that seek literally every engineering record relating to the engineering surrounding the Vehicle's emission systems to undercut an alleged statement made in an on-line article by FCA that none of the Plaintiffs have alleged they read to claim they were misled. The prejudice to FCA is evident from a review of the requests to produce, e.g.:  , " "[all] Documents and Communications Concerning, in whole or in part, alternative designs and/or manufacture methods for Class Engines (including all revisions), including but not limited to design notes, data notes, material certifications and/or engineering reports", as well as all documents and communications concerning FCA's compliance with evaporative emissions standards. *See* Ex. A, RFP Nos. 1-10. Plaintiffs further seek "[all] Documents and/or Communications Concerning and/or Related To Any Advertising of Class Vehicles…". *Id*., RFP No. 17. Permitting Plaintiffs' overly broad discovery to proceed at this stage given FCA's Rule 12(b)(6) and Rule 9 arguments in its Motion, would be "providing [Plaintiffs] the opportunity to conduct a fishing expedition in order to find a cause of action." *Levey,* 590 F. App'x at 137. Requiring FCA to engage in expensive and time-consuming discovery while the Motion is pending would therefore be prejudicial to FCA. A partial stay pending resolution of the Motion would merely postpone discovery that may never be needed. *Smithkline Beecham Corp. v. Apotex Corp.,* No. CIV.A. 00-CV-1393, 2004 WL 1615307, at \*8 (E.D. Pa. July 16, 2004) (finding that a "stay will likely have avoided potentially unnecessary discovery while inflicting a minimal amount of harm on the parties"). Accordingly, FCA respectfully requests that this Court

July 28, 2025
Page 4


enter a limited stay of discovery while FCA's Motion is pending, and grant FCA such other relief as this Court deems appropriate.

Respectfully submitted,
CLARK HILL
*/s/ Brian O'Neill*
Brian O'Neill (Bar No. 6315)

cc:     Counsel of Record

clarkhill.com