# D<small>E</small>L<small>EEUW</small> L<small>AW</small> LLC

1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
(302) 351-6905 (fax)
brad@deleeuwlaw.com

August 4, 2025

*Via Electronic Filing and Hand Delivery*

The Honorable Jennifer J. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

    *Re: Phillips et al v. FCA US LLC, et al.,* **1:23-cv-00251-JLH-CJB**

Dear Judge Hall:

    On behalf of Plaintiffs in the above action, we respectfully request that the Court deny the application of Defendant FCA US LLC ("FCA" or "Defendant") for a stay of discovery and compel FCA to answer the very limited set of document requests served by Plaintiffs after the parties' March 28, 2025 Rule 26(f) conference.

    As Defendant's counsel notes in its letter application of July 28, 2025 [DE 35] ("FCA Ltr."), during oral argument held on September 23, 2024, the Court indicated that to the extent the Court dismisses any claims, Plaintiffs would be given leave to replead (FCA Ltr., p. 2). Crucially, during oral argument, the parties discussed the fact that even while FCA was claiming the Model Year 2021 Durango Hellcat ("Hellcat vehicle") would be the absolute last year of production for the vehicle, the Defendant was working assiduously internally to resolve an emissions issue in order to produce additional year Hellcat vehicles, thus making the claim that they were not intending to produce future year Hellcat vehicles misleading to consumers.

    For example, Plaintiffs' counsel noted during oral argument, that the Complaint [D.I. 1] at ¶ 64(b), alleged that FCA concealed that it intended to produce further models at the time it made the representations to the contrary. (See Tr. at 38:1-22, attached as Exhibit A to FCA Ltr Appl.). In addition, Plaintiffs' counsel noted that:

> [I]t's also in our brief that we say that, 'given the ramp up for production is at least a year or more, planning for production of the 2023 vehicle would have commenced much earlier than the announcements and while FCA was selling the . . . 'one year limited,' . . . 2021 model."

(Tr., at 38:17-22).

Plaintiffs' counsel conceded that "it's not as fleshed out [in the complaint] as it could be, but again, we would put out that we are entitled to reasonable inferences on the motion to dismiss. And we certainly could amend the complaint to add it, because it's also in our brief." (Tr., 38: 13-17). A copy of the entire colloquy is annexed hereto as Exhibit "1" for context.

In sum, the allegations that Defendant was working on correcting an emissions issue because it intended to continue to produce and sell additional model year Hellcat vehicles at the same time it was making assertions that the model year 2021 was the last year of production, are more than plausible. In fact, they are ascertainable facts to which FCA has admitted. The actual documents and details of that are within the sole and exclusive possession of Defendant and not publicly available.

As a result, Plaintiffs convened a Rule 26(f) conference to discuss limited discovery relating to the efforts of FCA to produce further model years, made during and prior to its representations that the 2021 Hellcat vehicle was the final one. The parties met on March 28, 2025 for the Rule 26(f) conference. *See* Exhibit "2" annexed hereto.

During the March 28, 2025 conference, Plaintiff's counsel offered to negotiate an agreed upon set of document requests which were narrow in scope. Defendant refused the offer and declined to even entertain a discussion about a potential compromise. As a result, subsequent to the conference, on June 23, 2025, Plaintiffs served their "First Set of Requests for Production of Documents to Defendant FCA US, Ltd." ("RFP" hereinafter). The requests were narrowly drawn. See Exhibit "3" annexed hereto. A copy of the RFP is attached hereto as Exhibit "4."

That RFP is comprised of 18 categories which almost exclusively focus on the work done on the evaporative emissions issue and on FCA's decision to ramp up the production for the 2023 model year. Given that there is no stay of discovery and the limited discovery relates to the allegations about FCA's ongoing ramp-up efforts for production of the 2023 model year Hellcat vehicle, there is no possible prejudice to Defendant to produce this material which is already alleged in a manner consistent with the publicly available information at this time.

The request for a stay should be denied. A stay of discovery is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at

\*3 (D.N.J. Sept. 6, 2013) (citation omitted). *See also Actelion Pharm., Ltd.*, *supra*, at \*5 (the filing of a dispositive motion may support a stay of discovery where the "resolution of the dispositive motion may narrow or outright eliminate the need for discovery" (internal quotation marks and citation omitted)). Here, given the limited nature of the RFP requests, it is unlikely the current motion will "eliminate" the need for discovery. FCA has certainly failed to meet its burden to show otherwise.

      Defendant claims no undue prejudice will accrue to Plaintiffs, but Defendant does not describe why that is so. To the contrary, *see Actelion Pharm., Ltd., supra, at \*3* where the Court explained that delays have the propensity to prejudice plaintiffs' pursuit of the case.

      With regard to any claimed prejudice to Defendant, again, FCA fails to articulate any specific or justifiable prejudice it might suffer. A stay of discovery "is not appropriate solely because a motion to dismiss is pending." *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal quotation marks omitted). The categories of documents sought here are designed to be surgically limited, intended to make document production easily obtainable and not overly burdensome. Furthermore, Plaintiffs' counsel offered to review the RFP categories with FCA's counsel in an effort to narrow them further to ensure efficiencies, but FCA's counsel refused to discuss *any* discovery. To be sure, Plaintiffs' counsel are still willing to do so, notwithstanding Defendant's refusal.

      Here, because the issue is the "when" and "how" FCA engaged in the alleged ramping up, not whether, in fact, they did – which cannot be refuted by FCA —the limited document demand is relevant to that "when" and "how." Notably, there is no issue about "if." Thus, it makes sense to allow discovery at the very least to that limited extent. *See*, *Hibberts v. Smith*, 2023 WL 5528573, at \*2-3 (D.V.I. Aug. 28, 2023) (allowing limited discovery because "[a]fter such discovery, the parties will be in a better position to assist the Court in determining the motion to dismiss."). Thus, Defendant's argument (FCA Ltr., p. 2-3) that the absence of this limited discovery would "simplify the issues for trial," is completely wrong. The opposite is true— that is, limited discovery would clearly simplify the issues.

      Accordingly, given the fact that this limited document request focuses on the efforts of FCA to resolve the emissions issue in the Hellcat vehicles because they intended to continue to produce further model year vehicles, it is related to allegations already asserted but is information that buttresses those allegations and it is information currently in the sole possession and custody of FCA. The Defendant's request for a stay should be denied and the Defendant compelled to produce the requested documents.

                                                              Respectfully,

                                                            */s/ P. Bradford deLeeuw*
                                                            P. Bradford deLeeuw (DE # 3569)

Cc: Counsel of Record