# Exhibit 1

TRANSCRIPT EXCERPT FROM SEPT. 23, 2024 HEARING:

*At page 37*:

THE COURT: Isn't counsel right, though, that reading between the lines in that case [*Poulin v. Ford Motor Company*], that statement was false when it was made because it wasn't already rare, wasn't it? I mean, I read that case. It was the next month they saw a bunch of cars driving around suggesting that the statement was false when it was made, because it wasn't rare when it was built.

MR. GRAIFMAN: Well, in this case they make the statement and apparently in their own papers show this, that the[ir] engineers were working on getting over the evaporative emissions issue that they claim was going to prevent them from making the next model. It took them a little while to do. In fact, one of the things that Kuniskis says is that the engineers had some time to work on it.

THE COURT: That's actually interesting, right?
So if you had facts about that alleged in the complaint that they were already starting to work on putting together a new model, this would be a different case, because then you would be saying he was telling people this is only going to be a one year model, meaning -- in other words, we're not going to make it again. And if he, in fact, had the opposite intent that they intended on make it again, that actually could be a false statement. You're saying we're going to in future, but you have that opposite intent. But I didn't see those facts alleged.

[*Continued at page 38*]:

MR. GRAIFMAN: Well, we do say in the complaint, actually multiple points, that defendants failed to disclose two class members and consumers who purchased the model year 2021 Hellcat vehicles, that they were not a single -- a single-year limited edition run despite the fact that defendants were aware that the 2021 Hellcat vehicles would not be limited edition runs. So we do allege that they knew that it wasn't going to be.

THE COURT: At the time that statement was made, that alleges that?

MR. GRAIFMAN: I'm looking at this particular one. It's paragraph 64B. So I mean, it's not as fleshed out. I agree with Your Honor, it's not as fleshed out as it could be, but again, we would put out that we are entitled to reasonable inferences on a motion to dismiss. And we certainly could amend the complaint to add it, because it's also in our brief that we say that, "given the ramp up for production is at least a year or more, planning for production of the 2023 vehicle would have commenced much earlier than the announcements. And while FCA was selling the, quote, 'one year limited,' closed, quote, 2021 model." And that is something that we allege.

        THE COURT:  That would make it a different case.