# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACY PHIILLIPS, LAWRENCE WILLIS, ELI NEGRON III, CHRISTIAN PAPANA, JASON VAN GENDEREN, MARK HOLLINGSWORTH and JEFFREY G. HEINTZ, SR. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 1:23-cv-00251-JLH |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FCA US LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs propound and serve the following First Set of Requests for Production of Documents ("Requests") to defendant FCA US LLC ("FCA US" or "Defendant"). Defendant is directed to serve its responses and the requested documents for inspection and copying at the offices of deLeeuw Law LLC, 1301 Walnut Green Road, Wilmington, DE 19807 within thirty (30) days of the service hereof.

### DEFINITIONS

The following definitions and instructions shall apply to each and every one of these requests for production as if fully set forth:

1. The term "Complaint" refers to the Class Action Complaint filed in the instant action by Plaintiffs on March 8, 2023.

2. The term "Plaintiffs" refers to Stacy Phillips ("Phillips"), Lawrence Willis ("Willis"), Eli Negron III ("Negron"), Christian Papana ("Papana"), Jason Van Genderen ("Genderen"), Mark Hollingsworth ("Hollingsworth") and Jeffrey G. Heintz, Sr. ("Heintz").

3. The term "FCA US" refers to defendant FCA US LLC and its officers, directors, employees, partners, corporate parents, subsidiaries and/or affiliates, agents or any other person acting on its behalf, as well as any predecessor, or successor entity, including Stellantis, N.V., and its officers, directors, employees, partners, corporate parents, subsidiaries and/or affiliates, agents or any other person acting on its behalf, as well as any predecessor, or successor entity.

4. The term "Defendant" refers to FCA US.

5. The term "Party" refers to Plaintiffs and FCA US, and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. The terms "Relevant Time Period" means the time period from January 1, 2018 through December 31, 2023.

7. The term "Class Vehicle(s)" refers to all model year 2021 Dodge Durango Hellcat vehicles equipped with a supercharged 6.2-liter Hellcat V-8 engine, distributed, sold or leased in the United States.

8. The term "EPA" refers to the federal Environmental Protection Agency.

9. The term "DOT" refers to the federal Department of Transportation.

10. The term "MPG" means miles per gallon.

11. The term "Class Engine" refers to the supercharged 6.2-liter Hellcat V-8 engine, including powertrain, software, and electrical, fuel and emissions systems used in Class Vehicles,

2

including any modifications thereof for subsequent model year Dodge Durango Hellcat vehicles, such as the 2023 Dodge Durango Hellcat vehicles.

12. The term "and/or" are to be considered conjunctively and disjunctively.

13. The terms "Concerning and/or Related To" are to be considered conjunctively and disjunctively.

14. The term "Concerning and/or Related To" is understood to include and encompass "and/or."

15. The term "Concerning" means referring to, describing, evidencing, or constituting.

16. The term "Related To" and/or "Relating To" means mentioning, discussing, depicting, disclosing, describing, referring to, reporting on, constituting, concerning, supporting, or evidencing.

17. The term "Any" is understood to include and encompass "All."

18. The term "All" also includes each and *vice versa.*

19. The singular form of a pronoun includes the plural form and *vice versa.*

20. The term "Person" refers to any natural person or any business, legal, or governmental entity or association.

21. The term "Advertising" means any oral, written, broadcast or online (e.g. internet-based) promotion, promotional campaign, contest, marketing, advertising, public relations, media communications or any other method of promoting or generating media or public attention.

22. The term "Document" has the same definition as the word "writing" as used in the Rule 1001 of the Federal Rules of Evidence and is synonymous in meaning and scope as the term is used in Fed. R. Civ. P. 34(a). A draft non-identical copy is a separate document within the

3

meaning of this term. It includes any form of tangible or electronic expression, communication, representation, recording of letters, words, numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, magnetic impulse, mechanical or electronic recording or other form of data compilation.

23. The term "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes, but is not limited to, any letter, facsimile, memorandum, notes, electronic mail, text message, video or audio recording of a conversation, or any other recording, in any medium, of any message, whether sent or not sent.

24. The term "Identify" with respect to persons, means, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

25. The term "Identify" with respect to documents, means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and, (d) author(s), addressee(s), and recipient(s).

26. The term "Concerning" means referring to, describing, evidencing, or constituting.

27. The term "Entity" or "Company" includes any type of legal entity, any partners, directors, officers, employees, servants, agents, attorneys, joint ventures, consultants, or other representatives of that legal entity, all corporations, and entities affiliated with that legal entity, and all predecessor business entities of that legal entity.

## INSTRUCTIONS

28. Defendant must separately answer each request for production.

29. These instructions are subject to the definitions set forth in the preceding "Definitions" section.

30. To the extent Defendant asserts a claim of privilege, work product protection, or other privilege or doctrine as to only part of, or otherwise only withhold only part of, any information, Communication, Document, thing, or material, produce in redacted form that portion of the information, Communication, Document, thing, or material not covered by a privilege claim.

31. If there are no Documents or things that are responsive to a request, affirmatively state so for each request.

32. Each of the following requests is intended to be a continuing request, and Plaintiffs hereby demand, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the end of trial.

33. All Documents must be produced in their entirety, without expurgation, including both front and back, together with all attachments or other Documents affixed thereto. A request for a Document shall be deemed a request for any non-identical copies or drafts of such Documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices, or attachments to the Document, in addition to the Document itself.

34. To the extent Defendant's objections and responses have the effect of narrowing the scope of the Documents requested, specifically set forth a description of the scope of Documents that Defendant will produce.

35. To the extent that Defendant considers any of the following requests for production of Documents objectionable, please respond to the remainder of the request, and separately state the part of each request to which Defendant objects and each ground for each objection.

36. If Defendant withholds a Document from production based on privilege, Defendant will provide a privilege log as explained in the Rule 502(d) Order to be agreed upon by the Parties. For each Document which Defendant claims is being withheld under claim of privilege, work product, or for any other reason, please set forth the following information:

   a. The general subject matter of the Document and a description of the file or other location where it was found;

   b. The title, heading or other location where it was found;

   c. The date appearing on the Document (if no date appears thereon, then the approximate date on which the document was prepared);

   d. The general nature or description of the Document (i.e., whether it is a letter, memorandum, invoice, etc.) and the number of pages;

   e. The identity of each person who prepared, authored or signed the Document;

   f. The identity of each person to whom the Document (or copy thereof) was addressed and/or sent;

   g. The identity of each person who has custody of the Document (or a copy thereof); and,

   h. The specific basis or ground upon which the Document is being withheld.

37. Pursuant to Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, Defendant is required to produce all Documents in the manner, form and position (1) in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents, or (2) organized and labeled to correspond to the categories in these Requests. All Documents must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond with the particular request to which they respond.

38. Defendant will produce Documents in the format in the stipulated Electronically Stored Information ("ESI") protocol to be agreed upon by the Parties. In these requests, Plaintiffs seek discovery of Defendant's hard copy and electronically-stored information and Documents. Accordingly, and consistent with Defendant's legal obligations, Defendant must preserve all of Defendant's hard copy and electronically-stored information and Documents Related To the subject matter of this Action. This notice applies to all computers or electronic devices within Defendant's custody or control.

39. The Relevant Period covered by this document demand is January 1, 2018 through December 31, 2023, unless otherwise stated.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications Related To Class Vehicles' compliance with applicable fuel and emissions regulations in effect during the Relevant Period, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

7

2. All Documents And Communications Related To Class Engine compliance with applicable fuel and emissions regulations in effect during the Relevant Period, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

3. All Documents and Communications Concerning, in whole or in part, alternative designs and/or manufacture methods for Class Engines (including all revisions), including but not limited to design notes, data notes, material certifications and/or engineering reports.

4. All Documents and Communications Concerning and/or Related To, in whole or in part, any testing of Class Engines Related To compliance with evaporative emissions standards in effect during the Relevant Period.

5. All Documents and Communications Concerning and/or Related To any internal investigation conducted by Defendant or at its direction Concerning and/or Related To Class Vehicle compliance with applicable fuel and emissions regulations in effect during the Relevant Period, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

6. All Documents and Communications Concerning and/or Related To any internal investigation conducted by Defendant or at Defendant's direction Concerning and/or Related To Class Engine compliance with applicable fuel and emissions regulations in effect during the Relevant Period,, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

7. All Documents and/or Communications Concerning and/or Related To any changes and/or countermeasure proposals Related To Class Engine compliance with evaporative emissions standards during the Relevant Period.

8. An organizational chart reflecting Defendant's employees whose responsibilities concern investigation of, testing and/or failure analysis of Class Engines Related To compliance with evaporative emissions standards.

9. All of Defendant's board of directors meeting minutes and/or Communications of board members Concerning and/or Related To Class Vehicle compliance with applicable fuel and emissions regulations in effect during the Relevant Period, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

10. All of Defendant's board of directors meeting minutes and/or Communications of board members Concerning and/or Related To Class Engine compliance with applicable fuel and emissions regulations in effect during the Relevant Period, including but not limited to LEVIII zero-evaporative emission standards as promulgated by the California Air Resources Board ("CARB"), as well as applicable regulations promulgated by the EPA and Department of Transportation Related To the regulation of greenhouse gas emissions and fuel economy.

11. Documents indicating the number of Class Vehicles leased or sold in the United States by model and year in each state from 2020 to the present.

12. Documents indicating the number of 2023 model year Dodge Durango SRT Hellcats leased or sold in the United States by Defendant's authorized dealers by model and year in each state from 2022 to the present.

13. All Communications with and/or all Documents supplied to the EPA, DOT, or Carb Concerning and/or Related To Class Vehicles compliance with evaporative emissions standards.

14. All Communications with and/or all Documents supplied to the EPA, DOT, or Carb Concerning and/or Related To Class Engine compliance with evaporative emissions standards.

9

15.  All Documents and Communications Related To FCA US and/or Stellantis' decision to discontinue manufacturing Class Vehicles for model year 2022.

16.  All Documents and Communications Related To FCA US and/or Stellantis' decision to resume manufacturing Class Vehicles for model year 2023.

17.  All Documents and/or Communications Concerning and/or Related To Any Advertising of Class Vehicles Related To limited editions, limited production, exclusivity, or any representation that Defendant would not manufacture subsequent model year Class Vehicles.

18.  All Documents and/or Communications Concerning and/or Related To Any Advertising of 2023 model year Dodge Durango SRT Hellcats, including any Advertising Related To limited editions, limited production, exclusivity, or comparisons to Class Vehicles.

DATED:  June 22, 2025

                              **DELEEUW LAW LLC**

                              s/ *P. Bradford deLeeuw*
                              By:  P. Bradford deLeeuw
                              (DE Bar # 3569)
                              1301 Walnut Green Road
                              Wilmington, DE 19807
                              (302) 274-2180
                              (302) 351-6905 (fax)
                              brad@deleeuwlaw.com

                              **KANTROWITZ, GOLDHAMER**
                              **& GRAIFMAN, P.C.**
                              By: Gary S. Graifman, Esq. (*pro hac vice*)
                              Melissa R. Emert, Esq.*
                              16 Squadron Boulevard, Suite 106
                              New City, New York 10956
                              Tel: (845) 356-2570
                              ggraifman@kgglaw.com
                              memert@kgglaw.com

                              Nicholas A. Migliaccio (P29077)*
                              Jason S. Rathod (P18424)*
                              **MIGLIACCIO & RATHOD LLP**

412 H St. NE, Suite 302
Washington D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

***Attorneys for Plaintiffs***

\**pro hac vice application to be filed*

11