## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STACY PHILLIPS, LAWRENCE WILLIS, ELI NEGRON III, CHRISTIAN PAPANA, JASON VAN GENDEREN, MARK HOLLINGSWORTH and JEFFREY G. HEINTZ, SR., on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| | ) | C.A. No. 23-251-JLH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FCA US LLC and STELLANTIS, N.V., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant FCA US LLC's ("FCA's") Motion to Dismiss Plaintiffs' Class Action Complaint ("CAC"). (D.I. 11.) The motion is fully briefed (D.I. 12, 17, 18), and the Court heard oral argument ("Tr."). For the reasons below, Defendant's motion to dismiss is GRANTED.

1. **Parties.** Each of the named Plaintiffs purchased a model year 2021 Dodge Durango Hellcat from a dealership in the United States. (CAC ¶¶ 6–19.) Plaintiff Stacy Phillips bought his 2021 Hellcat in Virginia; Plaintiff Lawrence Willis bought his in Texas; Plaintiff Eli Negron III bought his in New York; Plaintiff Christian Papana bought his in Illinois; Plaintiff Jason Van Genderen bought his in California; Plaintiff Mark Hollingsworth bought his in New Jersey; and Plaintiff Jeffrey G. Heintz, Sr. bought his in Florida. (CAC ¶¶ 6, 8, 10, 12, 14, 16, 18.) Defendant FCA distributed the 2021 Hellcat to the dealerships through its dealer network.[1] (CAC ¶ 20.)

---

[1] On July 27, 2023, Plaintiffs voluntarily dismissed Defendant Stellantis, N.V. from this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (D.I. 15.) Accordingly, only the claims against FCA remain.

2.    **Facts**.  The Court accepts as true the following facts alleged in the CAC.  In 2020, FCA announced that it would be producing a limited production run of the 2021 Hellcat.  (CAC ¶ 27.)  In a "widely watched and heavily covered promotional press launch" video presentation on July 2, 2020, Dodge Chief Executive Officer Tim Kuniskis stated that "the Dodge Hellcat would be a single year run for the 2021 model year and then will be gone" and that "you've only had one shot [to buy one]."  (CAC ¶ 27 (alteration original).)  Subsequent press articles quoted Kuniskis saying that "we're only building them for six months" and that "[t]he 2021 Durango Hellcat is only a single model-year run, ensuring that it will be a very special, sought-after performance SUV for years to come."  (CAC ¶¶ 28–29.)  The 2021 Hellcat sold out.  (CAC ¶¶ 31–33.)

3.    In August 2022, FCA announced that it would be selling a 2023 Hellcat.  (CAC ¶¶ 36–39.)  In a press interview, Kuniskis said that the decision to make a 2023 Hellcat was based on his obligation to the shareholders of the company to make money.  (CAC ¶ 39.)  According to an article in *The Drive* in September 2022, many individuals who had purchased the 2021 Hellcat were "pissed" because they felt that production of the 2023 Hellcats would "pull down the value" of the 2021 Hellcats.  (CAC ¶ 40.)  Each of the named Plaintiffs alleges that he "would not have paid the price he paid or would not have purchased the [2021 Hellcat] at all if he had known that Defendants were not in fact producing and selling the Hellcat Vehicle as only a one-year, limited edition run vehicle for 2021."  (CAC ¶¶ 7, 9, 11, 13, 15, 17, 19.)

4.    **Procedural History**.  Named Plaintiffs filed this putative class action in 2023.  The CAC proposes a nationwide class and a number of subclasses, and it alleges the following state-law claims:

- **Count I:** violation of New York General Business Law ("New York GBL") § 349: consumer protection law, by Plaintiff Negron and on behalf of a New York subclass

- **Count II:** violation of New York GBL § 350: false advertising, by Plaintiff Negron and on behalf of a New York subclass

- **Count III:** violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, by Plaintiff Papana and on behalf of an Illinois subclass

- **Count IV:** violation of the Texas Deceptive Trade Practices—Consumer Protection Act ("TDPA"), Tex. Bus. & C. Code, §§ 17.41, *et seq.*, by Plaintiff Willis and on behalf of a Texas subclass

- **Count V:** violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. §§ 59.1-196, *et seq.*, by Plaintiff Phillips and on behalf of a Virginia subclass

- **Count VI:** violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2, by Plaintiff Hollingsworth on behalf of a nationwide class or, alternatively, on behalf of a New Jersey subclass

- **Count VII:** violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by Plaintiff Genderen on behalf of a California subclass

- **Count VIII:** violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, by Plaintiff Genderen on behalf of a California subclass

- **Count IX:** violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*, by Plaintiff Heintz on behalf of a nationwide class or, alternatively, on behalf of a Florida subclass

- **Count X:** breach of express warranty, by Plaintiffs on behalf of a nationwide class or a state subclass

- **Count XI:** unjust enrichment, by Plaintiffs on behalf of a nationwide class or a state subclass

- **Count XII:** negligent misrepresentation, by Plaintiffs on behalf of a nationwide class or a state subclass

FCA argues that the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) and that the class allegations should be stricken under Rule 12(f).

5.      __Motion to dismiss legal standard.__  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A possibility of relief is not enough.  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions.  *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

6.      __Count X.__  FCA argues that the breach of express warranty claim should be dismissed because the CAC fails to identify what "warranty" was made and because the written warranty provided to purchasers of the 2021 Hellcat expressly states that "[t]he warranties contained in this booklet are the only express warranties that FCA US LLC ('FCA') makes for your vehicle."  (D.I. 12, Ex. D.)[2]  Named Plaintiffs do not dispute that a limitation of warranty provision is enforceable in the states in which they purchased their vehicles.  But they argue that FCA's public statements that it would only make Hellcats in 2021 should still be deemed to be an "express warranty"—that is, a contractual promise—that it would only make Hellcats in 2021.

---

[2] Neither side disputes that the Court may properly consider the actual warranty when assessing the plausibility of Plaintiffs' breach of warranty claim.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1993).

4

(D.I. 17 at 14–16.)  I disagree with Plaintiffs.  The limitation of express warranty provision in the warranty booklet is conspicuous: it is the first line in the first section on the first page of the warranty, under a giant header that says "1. YOUR LEGAL RIGHTS UNDER THESE LIMITED WARRANTIES."  (D.I. 12, Ex. D at 4.)  And it is clear: it says that booklet contains the "only" express warranties that FCA makes.  (*Id.*)  Count X will be dismissed for failure to state a claim.

7.      **Count XI.** Plaintiffs' unjust enrichment theory is that they paid a price premium for their 2021 Hellcats based on FCA's statements that they wouldn't make Hellcats after 2021. Defendant argues that the unjust enrichment claim should be dismissed because Plaintiffs bought their cars from local dealerships, not from Defendant FCA, and because the vehicles were purchased under an express contract.  During oral argument, counsel for Plaintiffs conceded that Plaintiffs' unjust enrichment theory was not viable outside of California.  (Tr. at 32:18–22 ("THE COURT: Okay. So just to make sure we're clear then.  For the unjust enrichment for all of the states except for California, only in California can you pursue unjust enrichment based on a price premium?  MR. GRAIFMAN: I believe so, yes.").)   And I agree with Defendant that it's not viable under California law either.  Because the purchase contracts contained an express warranty, there is no claim for unjust enrichment under California law.  *Kahn v. FCA US LLC*, No. 19-127, 2019 WL 3955386, at *8 (C.D. Cal. Aug. 2, 2019) (unjust enrichment is not a standalone cause of action in California and courts construe unjust enrichment causes of action as "a quasi-contract claim" that "cannot lie where a valid express contract covering the same subject matter exists between the parties").

8.      **Count XII.** The CAC does not plead any facts suggesting a negligent misrepresentation—*e.g.*, that Tim Kuniskis made statements about a single-year run in 2021 but that he knew or should have known that FCA would make more Hellcats after 2021.  Indeed, at

oral argument, Plaintiffs' counsel did not seriously dispute that the facts pleaded in the CAC do not plausibly state a claim for negligence. (Tr. 46:10–13 ("THE COURT: Is there really a negligent misrepresentation c[laim]? What's negligent about it? MR. GRAIFMAN: I think it's a consumer fraud claim.").) Count XII will be dismissed.

9.      **Counts I–IX.** Counts I through IX are consumer fraud claims arising under consumer protection statutes enacted in New York, Illinois, Texas, Virginia, New Jersey, California, and Florida. Defendant argues, and Plaintiffs have not disputed, that Plaintiffs need to demonstrate an actionable "misrepresentation" in order to prevail on any of these claims. A statement of intent to do something (or not do something) in the future can be a misrepresentation if the speaker had the opposite intent. But Plaintiffs do not plead facts plausibly suggesting that, at the time Defendant said the 2021 Hellcat would be a single-year run, it did not actually intend for it to be a single-year run. And Plaintiffs have not cited to the Court any case finding a consumer fraud violation (under any of the relevant state statutes) where the alleged "misrepresentation" pertained to intended future conduct and was true when made. Counts I through IX will be dismissed for failure to state a claim.[3]

---

[3] Because the Court concludes that Counts I through IX fail to state a plausible claim, the Court need not address Defendant's argument that some of those counts should be dismissed under Rule 9(b) for failure to allege fraud with particularity. Plaintiffs have acknowledged that some of their state statutory claims are subject to Rule 9(b). Any amended pleading must comply with Rule 9(b) for those claims that require it. *See Diaz v. FCA US LLC*, No. 21-00906, 2022 WL 4016744, at *23 (D. Del. Sept. 2, 2022) (state consumer protection claims "grounded in fraud" must satisfy Rule 9(b)); *see also Carson v. HP Inc.*, 750 F. Supp. 3d 376, 389 (D. Del. 2024).

Because the Court is dismissing all of Plaintiffs' claims, it need not address Defendant's request to strike the class allegations under Rule 12(f).

10. **Conclusion.** For the reasons above, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (D.I. 11) is GRANTED.  Counts I through XII are dismissed for failure to state a claim.   Plaintiffs are granted leave to file an amended complaint within 14 days.

Dated: January 29, 2026

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE